## CLARKE *vs.* MILLER.

An execution, issued out of the supreme court, upon a judgment recovered in a court of common pleas, is absolutely void.

Such process cannot be amended by the common pleas; there being nothing in that court to amend by.

Upon a judgment recovered in a court of common pleas an execution was issued out of the supreme court. The sheriff sold the lands of the defendant, thereon, and, after the lapse of fifteen months, gave the purchaser a deed, which recited that the execution issued out of the supreme court. Subsequently the county court granted an order, amending the execution, and the sheriff's certificate and deed, so as to represent the execution as issuing out of the county court instead of the supreme court. In pursuance of this order, the sheriff, after the deed had been delivered, and after his term of office had expired, altered the deed accordingly, without any new execution or acknowledgment. *Held*, that the purchaser at the sheriff's sale acquired no title to the premises.

*Held also*, that the deed, after having been executed, and delivered to the purchaser, could not be thus altered, without destroying its validity, if it ever had any.

THIS was an appeal by the defendant from a judgment rendered at a special term of the court, upon the verdict of a jury, in an action brought to recover the possession of real estate.

*Dana & Beers*, for the plaintiff.

*Ferris & Cushing*, for the defendant.

*By the Court*, MASON, J. This is an action of ejectment, and the plaintiff made his title through a judgment, execution and sheriff's deed. The judgment was recovered on the 7th day of May, 1846, in the court of common pleas of Tompkins county, in favor of the Tompkins County Bank, against Andrew W. Knapp and Birdsey Clarke, for $116.23. In July, 1849, an execution was issued out of the supreme court, upon said judgment, to the sheriff of Tompkins, who sold the premises thereon; and the fifteen months having expired, the sheriff, on the 1st day of January, 1851, gave to the purchaser a deed, which recited that the execution issued out of the supreme court. After the commencement of the present action, the county court

of Tompkins granted an order amending the execution, the sheriff's certificate of sale, and the sheriff's deed, so as to make the execution issue out of the county court of Tompkins, instead of the supreme court; and the sheriff, after his term of office had expired, in pursuance of said order, erased the words, supreme court, and inserted Tompkins county court, in the reciting part of said deed, and after the deed had been delivered, and without any new acknowledgment thereof. These facts all appeared before the execution and sheriff's deed were offered in evidence ; and when offered, the defendant's counsel objected to the execution and sheriff's deed, in consequence of such alterations. The judge at the circuit overruled the objection and admitted them in evidence, and held the title acquired by the purchaser under them to be good.

The judge at the circuit most clearly erred. A sheriff's to sale of land is within the statute of frauds, and requires a deed, pass the title to the purchaser. (*Jackson* v. *Catlin,* 2 *John.* 248.) And a sheriff's deed is not admissible in evidence, without showing the judgment and execution under which he sold. (*Bowen* v. *Bell,* 20 *John.* 338.) The sheriff's deed not being admissible, without producing the judgment and execution, I do not see upon what principle it could be admitted at all. The rule is a familiar one, that judgments must be executed in those courts in which they are rendered. (3 *Bacon's Abr.* 715, *tit. Execution, E.*) I do not see upon what principle the supreme court could assume to execute this judgment, recovered in the common pleas. The supreme court possessed no power to award a *fieri facias* upon that judgment, and every execution that is issued by the attorney is regarded in law as awarded by the court out of which it issues, just as much as if the award was made upon the record. It strikes me as a strange proceeding, for the supreme court to award an execution to the sheriff, commanding him to collect a judgment of the county court; and I entertain no doubt but such an execution is absolutely void. But what is more strange still, after the sheriff has executed it and sold the lands of the defendant and given a deed to the purchaser, the county court assume to say we will interfere with

Clarke *v.* Miller.

the process of the supreme court, because that court has undertaken to execute our judgment; and so, by an order, the county court change, I suppose, an execution of the supreme court which has been fully executed and returned, into a process of the county court, and declare, in effect, that the child is theirs, although they had no hand in begetting it. The rule is a familiar one, that every court can amend its own process. It is said to be a power incidental to every court. It is no more than assuming the power to correct its own proceedings; but I am not aware of any power in the county court to amend the process of the supreme court. This process, being void, is not amendable. (2 *Burr.* 1187. 3 *Wils.* 341. 2 *Black. R.* 845. 2 *Lord Ray.* 776. 2 *John.* 190. 4 *Id.* 309. 2 *Caines,* 63. 2 *Salk.* 700. 4 *Cowen,* 504. *Id.* 49.) In *Simon* v. *Gurney,* (1 *Petersdorf's Abr.* 595,) where a *fieri facias* was issued upon a judgment in the common pleas, returnable in the king's bench, but the writ was tested in the name of the chief justice of the common pleas, the court allowed the writ to be amended, by making it returnable in the common pleas; placing their decision upon the express ground that, as the writ was tested in the name of the chief justice of the common pleas, there was something to amend by. The reason why void process cannot be amended is, there is nothing to amend by. All the cases hold the very sensible language, that when there is nothing to amend by, the court have no power of amendment. In this case, the writ issuing out of the supreme court, and returnable in that court, there is nothing in the county court to amend by. The county court could not amend any thing that has been done in that court towards the execution of their judgment, for nothing has been done in that court. The execution being void in the hands of the sheriff, all that was done under it is of no effect. As a consequence, the sheriff's certificate is a mere nullity, and so was his deed. But there is another difficulty in regard to this matter, equally insuperable. The court ordered the sheriff's deed to be altered, and the sheriff, after he had gone out of office, made the erasure spoken of, by striking out the reciting of an execution from the supreme court, and insert-

ing therein the county court. This was done with the consent of the plaintiff, it is fair to presume, for the alteration was made on his motion; and besides, the case shows that there was no new execution or acknowledgment of the deed by the sheriff. It seems to me very clear, therefore, that the deed having been executed and delivered, could not be thus altered without destroying its validity, if it ever had any. I am of opinion that, for these reasons, without considering the other questions in the case, the judgment of the circuit court should be reversed and a new trial granted; costs to abide the event.

[DELAWARE GENERAL TERM, July 11, 1854. *Crippen, Shankland* and *Mason*, Justices.]