By the Court. Bosworth, Ch. J.
An order, made by a Judge of the Court, under § 292 of the Code, requiring the defendant “to appear and answer concerning bis property, before *693 such Judge, at a time and place specified in the order,” and forbidding (by § 298), “ a transfer or other disposition of the property of the judgment debtor,’ not exempt from execution, and any interference therewith;” will not continue in force, as a matter of course, until it is formally vacated by another order of the Judge, if the plaintiff should.fail to have it adjourned from time to time, or to move in respect thereto, on the return day of the order, or on an adjourned day, before the Judge who granted it.
When such an order is obtained and served, if the plaintiff should designedly omit to appear before the Judge on the day, and at the place named, we think he must be deemed to have abandoned the proceeding, and that his voluntary failure, to move the matter before the Judge on that day, will operate as a discontinuance of it, although no order should be made vacating the proceedings.
If such a consequence would result from a conscious and intentional omission of the moving party to attend on the return day of the order, then it would seem to follow, that the result would be the same, whatever the cause of Ms non-attendance. We think it cannot justly be held, that if his non-attendance was voluntary, the proceedings are thereby determined, but if it was involuntary or inadvertent, they will not be determined until an order is made, declaring them vacated.
So too, when the examination of a judgment debtor has been completed, if no motion is thereupon made to the Judge, but on the contrary, both parties leave without an adjournment, or the ■ appointment of a receiver being applied for by the judgment creditor, the proceedings must be deemed to have been then abandoned.
If this be not the correct view, then it would seem to follow, that the proceedings must be treated as pending, until they have been formally vacated by order. Such a construction would treat tMs proceeding as if it were an action, and as operative and continuing until determined by order. The remedy given by § 292 was designed to be summary. The order which it authorizes is a proceeding in the action. It was designed to enable a judgment creditor to obtain promptly, a discovery of the debtor’s property, and an application of it upon the judg *694 ment. It is found in Chap. 2 of Title 9. That title is, “ of the execution of the judgment in civil actions”—and Chap. 2 is entitled, “ Proceedings supplementary to the execution.”
To hold, that at the end of several months after an adjourned day, and after any appearance of the creditor before the Judge upon the proceeding, that it continues in force provided no order , vacating it has been made, would be treating it as an action, and might operate unjustly to the debtor, and to his other creditors.
If an operative proceeding, in the case last supposed, the defendant, if he should dispose, after the lapse of two or three months from the last adjourned day, of any little items of property he may have had when the original order was served, could be punished for a contempt, because he had disposed of some of his property contrary to the prohibition contained in such order. If, in such a case, he could not be punished for a violation of the injunction, we think a receiver of his property-could not be appointed. We cannot think, that in such a case, the original order is so far operative as to continue the proceedings in force for some purposes, unless it keeps them in force for the purpose of all the remedies, to which the creditor might resort while they were continued by regular adjournments.
So too, if, in this case, another judgment creditor of this defendant had instituted similar proceedings in September, and had discovered property which belonged to the defendant on the 11th of March, the present plaintiff would have the benefit of such discovery, if his proceedings are to be treated as pending, notwithstanding his neglect to move in them, on or subsequent to the 9th of July.
In Edmonston v. McLoud, 16 N. Y. R. 543, one Stiney, a judgment debtor, was served on the 4th of December, 1850, with an. order obtained on the 2d, requiring him to appear on the 6th. Stiney did not appear, and the plaintiff did nothing on the 6th under his order, except that he obtained an attachment which could not be served, as Stiney had left the State! On the 30th of December, the defendant, who owed Stiney $300, when the order of the 2d of December was served, with full knowledge of all the facts, paid the $300 to Stiney’s wife.
Harris, J., remarks, “But these proceedings,” (the proceedings on the order of the 2d of December), “were abandoned by *695 the plaintiff, and it is now too late for him to derive any benefit from them.”—Id. 545.
We think it quite clear, that such proceedings can be, as effectually, terminated by the creditor’s abandonment of them, as by a formal order of the Judge before whom they were commenced.
If the order appealed from is regular and valid, as a proceeding based upon the order of the 11th of March, we think that, by relation, it vests in the receiver all the property the debtor had on that day. If that be the correct view of it, then, it would seem to follow, that the receiver can, as such, recover of Mr. Bolton the $39Ts¥4<r mentioned in his receipt, although he may in perfect good faith have paid it, in August or September, to some creditor of the defendant, by his direction.
We think the only just conclusion, from the facts before us, is, that these proceedings have been effectually terminated by the plaintiff’s abandonment of them, and that the Judge, who made the order of the 11th of March, had no authority or power, by reason thereof and of the subsequent proceedings had thereon, to grant an order, upon the motion made before him in November, appointing a receiver of the debtor’s properly.
We see no alternative, "between holding the proceeding to be an action, which will be depending from the time it is commenced until it is terminated by an order of the Judge; or a statutory proceeding, which will cease to be operative whenever the party instituting it fails to appear and move in it, on any day to which it may have been adjourned.
The Code defines an action, and this proceeding does not fall within that definition. (Code, § 2.)
Chap. 2 of title 9 of the Code enables a judgment and execution creditor to obtain the examination of his debtor, and of third persons indebted to the latter, or holding property which belongs to him, and of witnesses. This examination is permitted, to enable the creditor, summarily, and without action, to obtain an application of the debtor’s property to pay the judgment, either by an order of a Judge of the Court, or of a county Judge directing such application, or through the intervention of a receiver to be appointed by such officer. It is not a proceeding had in Court, but it is had before a Judge out of Court. It is *696 not a proceeding incident to the action. It is wholly a creature of the statute. ¡No authority is given to the Judge to revive or continue it, if the creditor fails to appear on the day at which the original order is made returnable, or on any day to which he may have adjourned- it.
When such a failure of the creditor occurs, we think: his proper course is to obtain a new order, on an affidavit conforming to the Code and excusing his previous neglect or default. In the proceedings on such order he will be restricted, as a matter of course, to such relief as it would be proper to grant, if the prior proceeding had not been instituted. He can reach only such properly as the debtor has when the new order is served, unless the debtor has previously disposed of his property fraudulently: In that event it may be recovered by a receiver, to be appointed by the Judge.
In proceedings under chap. 2 of title 9 of the Code, the Judge can exercise no powers except such as it confers, either in express terms or by necessary implication.
To hold that such proceedings, when once commenced, will continue operative until formally vacated by order, and that, too, although the creditor fails to appear on the return day, or on an adjourned day, or to move in the matter for months or for years thereafter, is giving a character and effect -to them not declared by the Code,, and in nowise necessary to the execution of all, or any, of the powers it expressly confers.
Cases of apparent hardship may arise, as they occasionally do, in actions themselves: Such cases, if of frequent occurrence, and involving considerations of importance, may be addressed to the Legislature, as inducements to amend the law. The Courts can only administer the laws as they are enacted. They cannot legislate, to meet the exigencies of cases of hardship or misfortune. Whenever they attempt it, they furnish new illustrations of the maxim: that hard cases make bad precedents.
-To avoid misconstruction, it is proper to remark, that we must not be understood to deny the power of the Judge to appoint a receiver of the debtor’s property, or to punish him, as for a contempt, if he disposes of his property, contrary to the injunction, provided the proceeding has been continued by adjournments agreed upon, in writing, by the parties, although not ordered by *697 the Judge: No such question is before us on this appeal. At the same time, we think it more prudent, that all adjournments should be made by order of the Judge.
Without discussing further the questions presented by this appeal, the order in question, for the reasons already stated, must be reversed.
But as the question is new, and as the loose practice pursued has given rise to views in relation to these provisions of the Code, which we think no one would entertain oh a reading of them, however careful,- no costs of the appeal will be allowed to either party.
Order reversed, without costs to either party.