## COMSTOCK'S CASE.

*New York Superior Court; Special Term, July,* 1863.

IMPRISONED DEBTOR.—DISCHARGE.—DISCONTINUANCE.

Under 2 Rev. Stat., 31, § 1,—which provides for the discharge by the court of an imprisoned debtor, on his submitting to examination as to any fraudulent practices, and making an assignment of his property,—debtors not in close custody, but merely upon the jail limits, are not entitled to be discharged.

On such an application, a failure of the petitioner to attend, or to have the proceeding regularly adjourned, operates as a discontinuance.

Application, under the Fourteen Day Act, to be discharged from imprisonment.

The petitioner, Gilbert B. Comstock, was upon the limits, having given bail when taken in custody under an execution against the person, issued upon a judgment recovered against him by Amelia G. Bylandt for $500 and costs. Comstock now petitioned for his discharge under 2 Rev. Stat., 31. He and his counsel failed to appear on an adjourned day, and the counsel for the creditor took an order dismissing the proceeding, unless the debtor within ten days pay $10 as costs of opening the default. The debtor now moved to open the default on the ground that he had been prevented from attending at the adjourned day by the prevalence of a riot in the neighborhood of his house, which was some four miles from the court-room.

*Walter S. Pinckney*, for the petitioner.

*Horatio F. Averill*, opposed.

ROBERTSON, J.—There are two questions in this case. *First*, whether the court has jurisdiction to grant a discharge where the debtor is at large on the limits; and, *secondly*, whether the court has lost jurisdiction by the omission to adjourn the proceedings from the time noticed for the application.

In regard to the first question, the term used in the statute is "imprisoned," and the discharge is from "imprisonment." (2 *Rev. Stat.*, 31, § 1.) The sixth section provides that the court where the application is made shall "order the applicant to be brought before it" on a day to be assigned, and such other day as it may appoint, "during the same term." (*Ib.*, 32, § 6.)

The sheriff is required to discharge the debtor on the order of the court. (*Ib.*, 33, § 11.) The assignees are required (*Ib.*, 8), out of the property assigned, to pay "the jail fees on the imprisonment and discharge." In the same statute, if a person "charged in execution" has not applied for three months to be discharged, the creditors may apply to compel an assignment.

These various provisions seem to point out a party in close custody, particularly that which relates to the direction to bring the party before the court, and do not seem to be intended to relieve a party having the privilege of going at large over the whole island of New York. For such cases, the previous article, to relieve insolvent debtors from imprisonment, furnishes sufficient relief.

The other question of a loss of jurisdiction, I think, is still more clear. Proceedings upon the return of an execution unsatisfied are analogous in regard to jurisdiction, and the failure to adjourn the same regularly in that case has been held to amount to a discontinuance. (Squire *a.* Young, 1 *Bosw.*, 690.) In cases like the present, the court is required to assign the day during the same term in which the application is made, when it will hear the applicant (*ubi supra*). It is also authorized to adjourn the proceedings to the next term on the application of a creditor, and then all objections to form must be waived (§ 8), but not beyond that time. (2 *Rev. Stat.*, 32, § 7.) These specific directions are evidently intended to deprive the court of

all discretion as to the time of adjournment. It must fix the time of hearing while it has jurisdiction, at least until the court have ordered an assignment. I think the failure to have a day assigned at the adjourned day discontinued the proceedings, and I have no jurisdiction to make any order.

The excuse assigned, also, for not attending at the adjourned day, to adjourn the case further, does not seem to me sufficient. The applicant had a counsel, who could have as easily reached the court-house as any other party. A distance of four miles even, which is more than the actual distance of the residence of the party from the court, is hardly sufficient to prevent any one who desired it from getting there, even without the usual conveyances. If I had the power, I do not think I ought to interfere. There is no great hardship or delay in requiring the party to renew his application, as the notice required is but for fourteen days.

The motion must be denied.