Coope *v.* Bowles.

———————•-○-•———————

## COOPE, receiver &c., *vs.* BOWLES and others.

A simple contract creditor cannot maintain an action to set aside an assignment for the benefit of creditors.

A receiver must state, in his complaint, the equity of the parties whose rights, under the order of the court appointing him, he represents, to maintain the action which he attempts to prosecute.

A receiver, in general, is not clothed with any right to maintain an action which the parties, or the estate, which he represents, could not maintain. He must show a cause of action existing in those parties, and that by the appointment of the court, lawfully made in a matter where the court had jurisdiction, the power has been conferred on him, in his representative capacity as receiver, to prosecute the action.

Coope *v.* Bowles.

To authorize a receiver, appointed in supplementary proceedings, to prose-
cute an action to set aside an assignment made by the debtor, the judg-
ment and other facts necessary to maintain supplementary proceedings
must be set forth. It is not enough to allege in the complaint that the
plaintiff was appointed receiver in supplementary proceedings.

An assignment in trust for creditors, executed here by two of the four
members of a firm, the other two members being absent from the country,
cannot be supported, unless due authority for its execution on their behalf
by the absent members, or a subsequent ratification of such execution,
is proven.

Whatever moneys of the estate were paid for expenses, or to creditors, under
an assignment, in good faith, before the commencement of an action to set
it aside, should be allowed to the assignee, if the assignment is finally held
invalid. But payments to himself, or to his own firm, do not come within
this principle.

The powers of a referee to hear and decide are terminated when he has
made his report, with the exception that he can settle the form of the case,
and the findings of fact and conclusions of law. He has no power to settle
the decree, and direct its entry by the clerk.

THIS action was brought by the plaintiff as receiver, under proceedings supplementary, of the firm of DeAgreda, Jove & Co. of the city of New York, to set aside a general assignment made by the firm on the 8th of October, 1857, to the defendant Bowles. The assignment was executed here, under seal, by two of the four partners, the other two partners being absent from the country. The firm consisted of S. DeAgreda, Lorenzo Jove, Antonio Jove Ponte and Esteban Ponte. DeAgreda and Esteban Ponte, the resident members, signed the instruments, for themselves and for the firm, S. DeAgreda, Jove· & Co.; the signature of Lorenzo Jove, one of the absent members, being made "by S. DeAgreda, attorney," and that of Antonio J. Ponte, the other absent partner, purporting to be made "by Esteban Ponte, attorney." The assignment preferred as creditors Mrs. DeAgreda, the wife of one of the partners; Mrs. Jove, the wife of another; Bowles, the assignee; the firm of C. Stetson & Co., of which he was a member; and the legal adviser of the assignors. The firm of C. Stetson & Co., the assignee and the assignors were made defendants. The allegation in the com-

plaint, as to the plaintiff's authority to sue, was that "the plaintiff suing under the direction of this court," was, on the 19th day of July, 1858, by an order of this court, appointed receiver of all the property, credits and effects of or belonging to the assignors as copartners, wheresoever and whatever the same may be, with power to sell personal property and bring suits, and with all the powers of receivers in similar cases; and that he had filed security according to the terms of the order appointing him such receiver. The complaint alleged that the assignment was void by reason of fraud, and especially by the preference of fictitious claims; and the plaintiff also insisted that it was ineffectual because it was executed by only two of four copartners. The business of the firm had been carried on by DeAgreda and Esteban Ponte, who resided in New York. Lorenzo Jove, one of the partners, resided in Venezuela, and A. J. Ponte, the remaining partner, resided in Paris; and they were in those places respectively when the assignment was executed. It was claimed that DeAgreda had special authority to act for Mr. Jove, and that Esteban Ponte had especial authority to act for A. J. Ponte, in the ordinary business of the firm. It was alleged in the answer, that neither of the absent non-executing partners ever dissented from the assignment; but that on the contrary, in executing his trust, the assignee received the co-operation of both.

The trial was before I. T. Williams, Esq. referee, who found that the assignment was not affected by the alleged frauds. He however declared it to be void, because it was not executed by all the members of the firm; and found, as facts, that the testimony offered by the defendants tending to show a ratification of said assignment by the non-executing partners was too vague, indefinite and uncertain to establish the allegations of such ratification; and that the executing partners had no power from the non-executing partners to execute the assignment at the time they so executed the same, and that the non-executing partners have not since that

Coope *v.* Bowles. ·

time ratified the same. And he found, as matter of law, that the plaintiff might legally take this objection, and that as to him the assignment was absolutely void. The referee charged the assignee with the full sum which he had collected and paid out in pursuance of its trusts. He also charged C. Stetson & Co. with sums received by them from the assignee as preferred creditors, amounting to $21,873.81, with interest. And, at the close of his report, the referee declared that a decree might be drawn by the plaintiff, and settled before him, the referee, on two days' notice to the defendants' attorney. At the end of that time he settled the decree, and directed it to be entered by the clerk. From the decree so entered the defendants appealed.

*Osborn E. Bright,* for the appellants. I. The assignment is valid, though not executed by all the members of the firm. (1.) Being joint tenants, one of the partners, without the assent or knowledge of all, may lawfully sell and convey the partnership property. (*Gow. on P.* 51. *Collyer,* § 395. *Smith's Merc. Law,* 79. *Fox* v. *Hanbury, Cowp.* 445. *Miller* v. *Barber,* 4 *Day,* 428. *Sale* v. *Dishman's Ex'rs,* 3 *Leigh,* 548. *Mabbett* v. *White,* 2 *Kern.* 442. *Graser* v. *Stellwagen,* 25 *N. Y. Rep.* 315.) (2.) He may mortgage it for an old debt or on a new consideration, and to secure a particular debt. He may confess a judgment. (*Taply* v. *Butterfield,* 1 *Metc.* 515. *McCeadie* v. *Senior,* 4 *Paige,* 378. *Grazebrook* v. *McCreedie,* 9 *Wend.* 437.) (3.) He may give a lien upon it, or assign it to pay debts, even when the firm is insolvent; and in so doing in the absence of his partners, so that they cannot act, may give such lawful preferences as all combined might have given. (*Pickstock* v. *Lyster,* 3 *M. & Sel.* 371. *Harrison* v. *Sterry,* 5 *Cranch,* 289. *Mills* v. *Barber,* 4 *Day,* 428. *Anderson* v. *Tompkins,* 1 *Brock.* 456. *Robinson* v. *Crowder,* 4 *McCord,* 519. *Hodges* v. *Harris,* 6 *Pick.* 360. *Egberts* v. *Wood,* 3 *Paige,* 517. *Havens* v. *Hussey,* 5 *id.* 30. *Deckard* v. *Case,* 5 *Watts,* 22. *Kirby* v.

Coope *v.* Bowles.

*Ingersoll,* 1 *Doug. Mich. Rep.* 477. *Kemp* v. *Carnley,* 3 *Duer,* 1. *Burrill on Assign. ch.* 4.) (4.) He may execute a general assignment with preferences. (*Burrill on Assign. ch.* 4, *and cases cited. Sheldon* v. *Smith,* 28 *Barb.* 593. *Robinson* v. *Gregory and al. Supreme Court Genl. Term, opinion of Roosevelt, J. May,* 1859.) (5.) The cases which seem to establish a different rule are overruled, or are distinguishable from the present. *Dickinson* v. *Legare,* (1 *Dessau.* 539,) is overruled in *Robinson* v *Crowder,* (4 *McCord,* 519.) *Harrison* v. *Jackson,* (7 *D. & E.* 209,) is explained by Ch. J. Marshall, in *Anderson* v. *Tompkins,* (*supra.*) In *Deming* v. *Colt,* (3 *Sand. S. C.* 284,) the other partners were present and capable of acting. *Kirby* v. *Ingersoll,* (1 *Doug. Mich. Rep.* 477,) was like *Deming* v. *Colt. Dana* v. *Lull,* (17 *Verm. Rep.* 390,) was decided on the ground of fraud generally. In *Hitchcock* v. *St. John,* (1 *Hoff. Ch.* 511,) the partners resided in different cities, and carried on their business, each conducting different branches. In *Havens* v. *Hussey,* (5 *Paige,* 30,) the non-executing partner dissented, and could have been consulted. *Hayes* v. *Heyer,* (3 *Sandf. S. C.* 284,) is like *Deming* v. *Colt.*

II. The objection of want of authority to make the assignment, in any number of the partners less than the whole, cannot be made by the plaintiff; it can only be made, if at all, by the partners themselves. (*Pearpoint* v. *Graham,* 4 *Wash. C. C.* 235. *Robinson* v. *Gregory, supra. Sheldon* v. *Smith,* 28 *Barb.* 593.)

III. Subsequent ratification of the assignment by the non-executing partners gave it validity. (*Pearpoint* v. *Graham, supra. Clement* v. *Brush,* 3 *John. Cas.* 2d. ed. 180. *Sheldon* v. *Smith, supra. Smith* v. *Kerr,* 3 *N. Y. Rep.* 144.)

IV. Material findings of fact are contrary to the evidence. (1.) The finding that the non-executing partners did not ratify the assignment subsequent to its execution, is contrary to the evidence. (2.) The finding that C. Stetson & Co. received $21,873.81, is contrary to the evidence. The only

evidence on this subject is that of Buschmann, the book keeper, who testified as follows: "He, (Bowles) as assignee, collected and received under the assignment $21,873.81. It was paid over to C. Stetson & Co. as fast as collected. Every thing I collected I handed over to C. Stetson & Co. as fast as collected. Ques. What was done with the money collected by Bowles as assignee? Ans. It was paid over to C. Stetson & Co." Upon these general statements the referee based the finding that C. Stetson & Co. received the full sum collected by the assignee. The witness, however, qualified this testimony by stating that the assignee made payments to other preferred creditors, to wit: $300 to Mrs. Jove, an uncertain sum to Mrs. DeAgreda, $1850 to J. G. Vose, and that he also paid the expenses of the assignment, the amount of which was not stated.

V. The decree and judgment are unauthorized and irregular. (1.) The referee had no power to settle the decree, nor to direct the entry of judgment. His powers, except to settle the case on appeal, were at an end when he signed his report. (*Code*, § 272. *Hancock* v. *Hancock*, 22 *N. Y. Rep.* 568.) The judgment should have been entered as by the court. (2.) The allegations of fraud having been unsustained, the plaintiff was not entitled to the relief granted. Neither the assignee nor the preferred creditors could be required to account for moneys received and applied in good faith, in accordance with the terms of the assignment, before the commencement of the suit. (*Wakeman* v. *Grover*, 4 *Paige*, 23. *Ames* v. *Blunt*, 5 *id.* 13. *Peacock* v. *Tompkins*, *Meigs*, 317. *Hawley* v. *James*, 16 *Wend.* 61, 182. *Barney* v. *Griffin*, 4 *Sand. Ch.* 552. *Affirmed*, 2 *Comst.* 365. *Averill* v. *Loucks*, 6 *Barb.* 470, 471. *Collumb* v. *Read*, 24 *N. Y. Rep.* 505.) The action was commenced August 16th, 1858. Nearly the whole sum collected by the assignee was received and paid out to *bona fide* preferred creditors prior to July, 1858. (3.) But assuming that the assignee and the preferred creditors could be compelled to account for

moneys so received and applied, yet C. Stetson & Co. are improperly charged with an amount which they never received. An unascertained portion of the $21,873.81, was certainly paid to other preferred creditors and to the attorneys of the assignee.

VI. The judgment should be reversed and a new trial ordered.

VII. The order of reference should be vacated. (1.) A party is never subjected to two trials before the same jury. (2.) The findings, the conclusions, and the practice of this referee are without any warrant in the evidence or in the law.

*Wm. W. Goodrich,* for the respondent. I. An assignment of the property of a partnership to a trustee for the benefit of creditors, giving preferences, must be executed by all the members of the firm. If not so executed it is void. (*Story on Part.* § 101 *and* note 3. *Burrill on Assignments,* 37 *et seq. Havens* v. *Hussey,* 5 *Paige,* 30. *Hutchinson* v. *Smith,* 7 *id.* 26. *Deming* v. *Colt,* 3 *Sand.* 284. *Kemp* v. *Carnley,* 3 *Duer,* 1. *Wetter* v. *Schlieper,* 15 *How.* 268. *Haggerty* v. *Granger, id.* 248. *Mabbett* v. *White,* 2 *Kern.* 442. *Robinson* v. *Gregory, Court of Appeals, unreported—reversing same case in* 20 *Barb.* 560. *Dana* v. *Lull,* 17 *Verm.* 390. *Hitchcock* v. *St. John,* 1 *Hoff. Ch.* 511. *Bowen* v. *Clark, Am. Law Reg. Feb.* 1857. *Drake* v. *Rogers,* 6 *Mo.* 317.)

II. There was no evidence of authority to execute the assignment in the name of the absent partners. Authority to execute an instrument under seal can only be given under seal. (*Blood* v. *Goodrich,* 9 *Wend.* 68.) No instruments giving such authority are proven in this case.

III. There is no sufficient evidence of ratification. (1.) Ratification of an instrument under seal must be by instrument under seal. (1 *Pars. on Cont.* 44.) (2.) As to ratification by Jove, all the evidence is in fols. 213, 214, 226, and is insufficient to establish the fact. (3.) As to ratification by Ponte, the only evidence is the negative testimony of the

assignee that he never knew of his dissenting. This is not sufficient. (4.) The referee's finding on this point is sustained if either one of them is not proved to have ratified it.

IV. If the assignment was void, the property remains the property of the assignors, and as such the plaintiff is entitled to it. (*Ames* v. *Blunt,* 5 *Paige,* 20. *Riggs* v. *Murray,* 2 *John. Ch.* 582.) These funds were deposited by the assignee with his own firm. It was no payment as provided by the assignment. Every thing which was collected was paid directly to C. Stetson & Co., and with full knowledge on their part of all the facts. This amount is admitted by the answers to be $30,000, but the referee only finds $21,873.81.

*By the Court,* LEONARD, P. J. Neither the statements of the complaint nor the evidence adduced at the trial give the court jurisdiction to declare the assignment from DeAgreda, Jove & Co. to Charles S. P. Bowles, void, or to set it aside. No authority is stated in the complaint, or proven in the case, which will authorize the court to direct a receiver to prosecute an action for such a purpose. It is alleged that the receiver was appointed in supplementary proceedings. That is not enough. The judgment and other facts necessary to maintain supplementary proceedings are wanting. A simple contract creditor cannot maintain an action to set aside an assignment for the benefit of creditors. Receivers are appointed by the court with the like powers with the plaintiff in this case in various other kinds of actions, as in actions between partners, &c.; but the receiver must state in his complaint the equity of the parties whose rights, under the order of the court appointing him, he represents, to maintain the action which he attempts to prosecute.

A receiver, in general, is not clothed with any right to maintain an action which the parties, or the estate which he represents, could not maintain. He must show a cause of action existing in both parties, and that by the appointment of the court, lawfully made in a matter where the court had

Coope *v.* Bowles.

jurisdiction, the power has been conferred on him in his representative capacity, as receiver, to prosecute the action. The complaint and the proofs are wholly defective in these particulars. The judgment has not cured it.

The assignment was declared void because it was not executed by all the members of the firm personally. The firm consisted of four members; two were here and executed for themselves and also as attorneys for the others who were absent from the state. I think it was sufficiently proven that DeAgreda held a power of attorney from one of the absent members, Mr. Jove, authorizing him to do any act in connection with the business of the firm in his discretion. The proof was entirely defective in showing a sufficient power of attorney from the other absent member, Mr. Ponte. The evidence of ratification as to Ponte is also insufficient, but as to Mr. Jove there can be no doubt that he was satisfied with the act of his partners here and ratified it. It is not necessary to pursue the examination of the facts found by the referee, or his conclusions of law, unless it be as a guide to the court in this case, should there be any future trial.

It must be conceded that the assignment cannot be supported, unless due authority for its execution by the absent members of the firm, or its subsequent ratification, is proven.

Whatever moneys of the estate were paid for expenses, or to the creditors under the assignment in good faith, before the commencement of this action, should be allowed to the assignee, if the assignment should finally be held invalid. Payments to himself or to his own firm would not come within this principle.

The referee, it appears, settled the decree and directed its entry by the clerk, but no judge of the court has directed the entry of judgment. The question is one of regularity merely, and is not a ground of reversal on appeal from the judgment. The question can properly arise only on a practice motion at special term to set it aside for irregularity. The powers of the referee to hear and decide are terminated when he has

made his report, with the exception that he can settle the form of the case and the findings of fact and conclusions of law. The judgment should be reversed, and a new trial ordered, with costs of the appeal to the appellant; with leave to the respondent to apply at special term to amend his complaint.

[NEW YORK GENERAL TERM, May 4, 1865. *Leonard, Clerke* and *Geo. G. Barnard,* Justices.]