OTIS T. STANLEY, RESPONDENT, *v* LAURA L. LOVETT, APPELLANT.

*Supplementary proceedings — what delay does not constitute abandonment.*

On May 14, 1877, the defendant appeared before a referee, duly appointed in supplementary proceedings instituted in this action, and, after having been partially examined, refused to answer certain questions put to her by the plaintiff; the proceedings were then adjourned until May 21st, on which day plaintiff appeared, but defendant did not. On November 7, 1877, on plaintiff's application, an order was made, on the return of an order to show cause why the defendant should not be committed for a contempt in refusing to answer the questions, requiring the defendant to appear before the referee and be examined, and continuing the injunction already granted.

Upon an appeal from this order, *held,* that the delay of the plaintiff to institute the proceedings to punish the defendant for a contempt did not constitute an abandonment of the supplementary proceedings, and that the order was proper and should be affirmed.

APPEAL from an order made by the County Judge of Wayne county in proceedings supplementary to execution, requiring the defendant to appear before the referee previously appointed therein, and answer certain questions which she had refused to answer on a previous examination in the same proceedings, and continuing an injunction order. The order appealed from was made on the 5th November, 1877, on the return of an order requiring the defendant to show cause why she should not be punished as for a contempt, for her alleged misconduct in refusing to answer certain questions.

On appearing, in pursuance of the order to show cause, the defendant objected that the judge had no right to entertain the application, as the proceedings had been abandoned, more than three months having elapsed since the plaintiff had taken any steps in the matter ; the objection was overruled.

It appears that on the 14th day of May, 1877, the parties attended before the referee, duly appointed in said proceedings, and the defendant was examined in part, and on that occasion refused to answer the questions above referred to, and that the proceedings were then adjourned to May 21st. On that day the plaintiff appeared before the referee, but the defendant did not

appear. The defendant alleges in her affidavit that when the proceedings were adjourned, the plaintiff's attorney stated that he did not know whether he wished to examine the defendant further or not; that if he did, he would notify her, and that unless she was notified she need not appear on the adjourned day. The referee's minutes, verified by his affidavit, noted the adjournment, but for aught that appeared therein, the adjournment was unconditional.

*Chas. McLouth*, for the appellant.

*S. B. McIntyre*, for the respondent.

SMITH, J.:

The only question is whether the proceedings were abandoned and thereby terminated, so that the judge had no jurisdiction of the same on the return of the order to show cause. We think the proceedings were not abandoned. Upon the proofs before him, the county judge was warranted in concluding that the adjournment before the referee from the fourteenth to the twenty-first of May was unconditional, as the entry of the adjournment in the referee's minutes was in the usual form. The defendant does not claim that there was a stipulation in writing that the plaintiff should notify her to attend on the adjourned day. The verbal arrangement, if there was one, was effectual only as an excuse in proceedings as for a contempt for not appearing. The plaintiff appeared on the adjourned day, but the defendant did not. The mere fact that the plaintiff delayed further action on his part till November, was not *per se* an abandonment of the proceedings. In the several cases cited by the appellant's counsel, there was some affirmative action on the part of the plaintiff other than mere delay, from which an abandonment of the proceedings could be implied. In *Edmonston* v. *McLoud* (16 N. Y., 543), the plaintiff commenced a suit by creditor's bill, and sought to make the lien thereby acquired relate back to the supplementary proceedings, and to obtain therein the same relief which he endeavored to get by the latter. In *Squire* v. *Young* (1 Bosw., 690), the plaintiff did not move the matter before the judge on the adjourned day nor call his attention to it. And in *Thomas* v.

*Kircher* (15 Abb. [N. S.], 342), the creditor neglected to have the proceedings adjourned or extended after the examination of the debtor had been had. But in the present case nothing of the kind occurred. The plaintiff did not neglect to prosecute the proceedings as far as it was in his power to do so, and was only prevented from completing the examination before the referee by the absence of the defendant on the adjourned day.

We do not intend to say that an abandonment of supplementary proceedings may not be inferred from the mere delay of the creditor to prosecute them, provided the delay be unreasonable, considering the length of its duration and the circumstances attending it; but in the present case the county judge did not err in declining to hold that the delay was conclusive evidence of an intent to abandon the proceedings.

The order appealed from should be affirmed, with ten dollars costs and disbursements. The order to be entered herein may require the defendant to appear before the referee on a day to be named therein, at least five days subsequent to the date of the service of the order, to be examined as provided in the order hereby affirmed.

Present — MULLIN, P. J.. TALCOTT and SMITH, JJ.

Ordered accordingly.