By the Court.—Truax, J.
The motion to dismiss the complaint because the order appointing plaintiff' receiver had not been filed or recorded in the office of' the register of the city and county of New York, was-rightly denied. Chapter 86 of the Laws of 1813 simply directs that any papers therein mentioned, that are-thereafter directed by the legislature to be recorded or registered without specifying the place where they* should be recorded or registered, shall be recorded an d. registered in the office of the register of the city and county of New York, but when any subsequent law specifies the place in which papers shall.be regist*red *452 or recorded, such papers must be registered or recorded in the place so specified. This construction of the act of 1813 makes section 298 of the Code of Procedure consistent with that act. But if the act of 1813 and section 298 of the Code are inconsistent, the former must be considered to have been repealed or superseded by the latter, which is the later expression of the will, of the legislature (People ex rel. Kingsland v. Palmer, 52 N. Y. 83; People ex rel. Navarro v. Van Nort, 64 Barb. 205).
The alleged execution issued on the Arnold judgment contains as many defects as it is possible to put into an execution. It says a judgment was rendered for-dollars and was docketed on the-day of March. It directed the sheriff to collect $604.95, which was the amount of the judgment. There were also a few other mistakes in it, but the one first mentioned is the only one that will be considered. I am of the opinion that this execution gave the sheriff no power to make a levy. If the judgment was rendered for-dollars, the sum of $604.95 could not be due thereon,, and the sheriff had no right to collect that sum. Section 289 of the Code of Procedure, which was in force at the time the execution was issued, directed that “an execution must intelligibly refer to the judgment, stating the court, the county where the judgment roll or transcript is filed, the names of the parties and the amount of the judgment.” Under this provision and similar provisions in other States, it has been held that the execution must exactly follow the judgment and be warranted by it (Reese v. Burt, 39 Ga. 565 ; Highton v. Handlin, 27 Ark. 20 ; Wilson v. Renter, 29 Iowa, 176 ; Jennings v. Pray, 8 Yerg. 85; Kniel v. Graves, 72 Penn. 11, 104; Baur v. Crisman, 29 Mo. 293 ; Farnham v. Hildreth, 32 Barb. 277; Tanner v. Grant, 10 Bush, 362 ; Cutler v. Wadsworth, 7 Conn. 6; Clark v. Miller, 18 Barb. 269). The general term *453 of this court, in Heilner v. Walsh (ante, p. 269), held that, although an execution was not subscribed, either, by the party issuing it, or by his attorney, yet, having on it an indorsement which was subscribed by the attorney, such an indorsement was equivalent to a subscription, and therefore the execution was not void. Heilner v. Walsh also holds that mere defects in the form of an execution might be disregarded, or might be cured by amendment. I am of the opinion that the omission of the amount of the judgment is not a mere defect in the form of the execution, that the court should amend four or five years after the issuing of the execution, although it would have amended the execution on motion made at the proper time. The order appointing plaintiff receiver in the Arnold action should not have been received in evidence. The order was the order of a judge and not of the court, and every fact necessary to sustain the order must be proved. . It carries on its face no presumption of jurisdiction or of regularity. A material fact to give the judge jurisdiction to make the order was the issuing of an order supplementary to the execution. Such an order was not produced. Nor was its non-production accounted for by the testimony offered. There is no law requiring such an order to be filed with the clerk. It is a judge’s order, and the testimony that the clerk said he could not find the order in his office, did not authorize secondary proof of the order (Coope v. Bowles, 42 Barb. 87; De Comeau v. People, 7 Robt. 498, arid cases there cited). Before a judge has jurisdiction to make an order supplementary to the execution there must be a money judgment and an execution must have been issued on that judgment and returned unsatisfied. If a judge has made an order supplementary to the execution, when it is made to appear that no execution has been issued, the order should be vacated or further pro *454 ceedings under the order should be stopped. The judgment in favor of the Loaners’ Bank was obtained January 19, 1876. On May 3, 1876, a receiver of all and singular the property, assets, choses in action and estate of every description of said Loaners’ Bank was appointed. The corporation on the appointment of the receiver no longer had any legal existence (McCulloch v. Norwood, 58 N. Y. 562). There is no evidence that these proceedings supplementary to the execution were instituted by the receiver of the bank. In those proceedings the Loaners’ Bank appeared to be the owner of the judgment, and the proceedings were carried on as though the bank had a legal existence. Proceedings supplementary to the execution must be carried on in the name of the owner of the judgment (Amery v. Lamothe, 7 Weekly Dig. 212). The supplementary proceedings in the Poppenhusen action were begun on April 9, 1875. The order was made February 12, 1878. It does not appear that the proceedings were kept alive until that day, nor does it appear that any notice of the application for the appointment of a receiver was given to'the defendant or to his attorney. Jurisdiction was lost by the failure to continue the proceedings by regular adjournments (Squire v. Young, 1 Bosw. 690 ; Carter v. Clarke, 7 Robt. 490).
The judgment is reversed and new trial ordered, with costs to the appellant to abide the event.
Sedgwick, Ch. J., and Freedman, J., concurred.