PHILIP H. ADEE, AS RECEIVER, ETC., APPELLANT, *v.* CHARLES G. CORNELL, AS ASSIGNEE, ETC., AND OTHERS, RESPONDENTS.

*Assignment, for the benefit of creditors, by a copartnership — who must join in it — Evidence that one is a partner.*

The rule which requires all the copartners to unite in an assignment for the benefit of creditors, does not include parties who, by reason of certain acts, have made themselves liable as partners to third persons, but only those who are partners as between each other.

It is competent on the trial of the question as to whether or not one is a partner, to ask him whether he was asked to become a partner, and what the result of the proposition was, and whether he had any interest in the capital or stock of the firm.

*Semble*, that the participation in the profits of a business which makes a person a partner as to third persons, must be a participation in the profits as such, under circumstances which give him a proprietary interest in the profits before division, as a principal trader.

APPEAL from a judgment in favor of the defendants, entered upon a decision rendered at the Special Term.

*William A. Duer*, for the appellant.

*Frederick G. Anderson*, for the respondents.

BRADY, J.:

It appears from the facts developed in this case that an action was brought in January, 1879, by Archibald Gracie King and

others against Charles Bellows, Richard R. Hunt and Adam C. Leach, to recover upon two promissory notes made by the firm of Charles Bellows & Co., claiming that the three defendants were copartners under the firm name just mentioned. The defendant Leach appeared and denied that he was a copartner, and thereupon the action was discontinued as against him, and judgment was entered in favor of the plaintiffs in that cause against Bellows and Hunt. It further appears that after an execution had been issued and returned unsatisfied, the plaintiff was appointed the receiver, under supplementary proceedings, of the property of the judgment debtors, Bellows & Hunt, as composing the firm of Charles Bellows & Co. It also appears that Charles Bellows and Richard R. Hunt executed a general assignment, for the benefit of the creditors of the firm of Charles Bellows & Co., on the 19th day of December, 1878, to the defendant Charles G. Cornell, who accepted the trust and took possession of the property thereunder.

The plaintiff herein, and as receiver, brought this action to set aside the assignment mentioned, claiming that it was fraudulent and void in this, namely, that it was not executed by Adam C. Leach and William J. Hinds who, he alleges, were members of the firm of Charles Bellows & Co. at the time of the assigment to him. The learned justice, presiding in the court below, delivered the following opinion :

"BEACH, J. — It may be considered a general principle, firmly established by adjudication, that none less than all the members of a copartnership can make a general assignment in trust for the benefit of creditors. ( *Welles* v. *March*, 30 N. Y., 344; *Wetter* v. *Schlieper*, 4 E. D. Smith, 707; *Haggerty* v. *Granger*, 15 How. Pr. R., 243; *Coope, Receiver, etc.*, v. *Bowles*, 42 Barb., 87.) The case at bar, however, cannot be decided upon that principle, because the allegation of those who did not execute the assignment, being partners, is controverted. The plaintiff gave evidence upon the trial tending to show that Leach and Hinds were partners, relative to third persons who may have dealt with the firm, and seems to rely upon the numerous adjudications involving the decision of issues between those claimed to have been partners, by virtue either of acts or agreements, in actions brought by plaintiffs to charge them with liability.

In my opinion the disposition here does not depend upon the question whether or not Leach and Hinds were partners in relation to those dealing with the firm, but rather upon the facts, whether or not they were so, between themselves and the acknowledged members. The reason of the decisions (*supra*) is that no power to make a general assignment can be implied to rest in the individual partners from the partnership relation. That such an act is not within the scope and object of the partnership and in the course of its trade and affairs. The action seems also to amount to a suspension or dissolution of the partnership itself. These reasons affect the rights of individual members of the firm, who are such *inter sese*, without regard to those who might be held by third persons subject to partnership liabilities.

To render a general assignment in trust for the benefit of creditors void in law, because not executed by all the members of the firm, those who did not sign it must be established partners, not as to third persons, but between themselves and the admitted partners who signed the instrument. The principle of the authorities cited (*supra*) is not infringed, and the assignment is not void in law when those who executed it, and those who did not, appear not to have been partners *inter sese*.

The plaintiff, in my opinion, has failed to establish that Leach and Hinds, who did not execute the assignment, were partners in the business of Charles Bellows & Co., in relation to Bellows and Hunt, who did sign it and are admitted to have been members of the firm."

The leading proposition upon which the decision of the learned justice was based is, that to render an assignment in trust for the benefit of creditors void in law, because not executed by all the members of the firm, the persons who failed to execute it, and who are asserted to be copartners, must, by competent proof, be shown to be partners *inter sese*. And the distinction is drawn and preserved between the liability of persons as partners for debts contracted and acts done in the course of the trade of the copartnership, and the liability of copartners to each other arising from that relation. It is not deemed necessary to elaborate the opinion thus delivered. But it is not regarded as improper to say that the evidence establishes the proposition that Messrs. Hinds and Leach,

whom the plaintiff seems to regard as additional copartners, were by the agreement made between them and the actual members of the firm, to receive a part of the profits in lieu of compensation for the services to be rendered by them. There is some dispute as to whether there was not a sum named as salary and a part of the profits in addition to be paid to them upon a certain contingency, but it may be assumed for the purposes of this appeal that they were to receive a part of the profits only in lieu of compensation, as this is the more favorable view for the plaintiff.

Whatever may have been the rule originally in regard to the effect of an agreement to accept profits growing out of a copartnership relation, it seems now to be settled as the law of this State, that the profits are to be received as such. The term is understood not to mean as a salary or compensation, but as a share of the success of the joint enterprise, without reference to payment *eo nomine* for services rendered or for money invested. The latest case bearing upon the question is *Burnett* v. *Snyder* (81 N. Y., 550), and in which it is said, in the opinion of the court, that in the cases of *Grace* v. *Smith* (2 W. Black., 998) and *Waugh* v. *Carver* (2 H. Black., 235), the doctrine was declared, and was deemed to be settled by these cases, that a participation in the profits of a trade made one liable as a partner to a third person by operation of law, although he was not ostensibly a partner, and although the partnership relation was excluded by the terms of the agreement between himself and his associates ; and, further, that this doctrine was followed in England and regarded as the true test of partnership as to third persons, until the case of *Cox* v. *Hickman* (8 H. Ld. cases, 301), in which the doctrine was strongly impugned, if not entirely overthrown. And the court in that case further declared " we have in this State adhered to the general doctrine established by the earlier English cases, although it proceeds upon reasons which have not been considered entirely satisfactory." But the court declare the participation in the profits of a trade, which makes a person a partner as to a third person, is a participation in the profits as such, under circumstances which give him a proprietary interest in the profits before division, as a principal trader.

There would seem to be little doubt that the evidence in this case establishes the liability of Messrs. Leach and Hinds as partners to

third parties, in consequence of acts committed by them and their associates with their knowledge and consent; but the agreement between them and the original copartners is silent as to any participation in, or liability for, the losses as between themselves that might mark the existence of the copartnership itself. And, as already suggested, there is no doubt that, as between themselves, a copartnership was not contemplated. It appears also that the judgment creditors in the action, out of which the plaintiff's appointment seems to have grown, did not regard Messrs. Leach and Hinds as members of the copartnership of Charles Bellows & Co., because they were not included in the judgment. Hinds was, indeed, not made a party, and the action was discontinued as to Leach.

The object of the rule requiring all copartners to unite in a joint assignment, is to secure a valid and effectual transfer of the copartnership property; and when the assignment is executed by all the copartners, the design of the law is accomplished. It does not contemplate a union of persons who have made themselves copartners as to third persons, but only the copartners *inter sese* by virtue of the relations existing between them, and therefore it is not necessary that such persons should unite in the assignment. This is particularly so in this case, for the reason that the two persons alleged to be copartners denied that any such relation existed between them and the original members of the firm, and for the reason that it appears from the testimony that all the property of the copartnership was transferred by the assignment.

It only remains now to consider some of the exceptions taken to the rulings of the court during the progress of the trial. Upon the examination of Mr. Leach he was asked whether Bellows & Hunt asked him to become a copartner, which being objected to, the defendants' counsel said that he wanted to show that they had asked him to become a partner and that he had declined. The objection was overruled and the plaintiff excepted. The answer was: "Mr. Bellows made that proposition to me at one time." The question was then asked: "What was the result of that?" which was objected to, the objection, however, being overruled and an exception taken. The answer was, that the result was that he did not because he was not eligible. Inasmuch as the question at issue was whether these persons became copartners between them-

selves by agreement, or by any understanding between themselves, evidence to show what actually took place in regard to that relation seems to have been perfectly competent, and for that reason these exceptions were not well taken. Mr. Leach was also asked : "Did you have any interest in the capital or stock of the firm of Charles Bellows & Co. ?" the answer was, "No, sir." He was further asked : "Did you have any interest in the capital or stock of the firm of Charles Bellows & Co., at the time the assignment was made by them to Mr. Cornell ?" and the answer was, "No, sir." Whether Mr. Leach had any interest in the capital or stock of the firm of Charles Bellows & Co., was a mixed question of law and fact. And so far as the question related to the fact, as it affected the point at issue, it seems to have been a proper one, and, as it was proper for that purpose, the exception to it was not well taken.

The questions which have just been mentioned undoubtedly were asked in connection with the preceding one, as to whether Mr. Leach became a partner in the firm of Charles Bellows & Co., and the object was to show that he did not become a partner in fact by any agreement between themselves, but, on the contrary, that he refused to become a partner and had no interest in the capital or stock of the copartnership. But if this view of the questions and answers be incorrect, it is nevertheless quite clear that they could not by any possibility have prejudiced the plaintiff upon the trial.

For these reasons we think that the judgment should be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.