Eollett, J.
Section 5658 Revised Statutes provides that: “ Such receiver shall be vested with all the estate, real or personal, of the corporation, from the time of his having filed the security hereinbefore required, and shall be trustee of such estate for the benefit of the creditors of the corporation and its stockholders; and he shall have all the power and authority conferred by law upon trustees to whom assignments are made for the benefit of creditors.”
William M. Patterson, as receiver of the Ohio Life Insurance Company, is in the place of the company, and has only the same rights that the company would have. Bell v. Shibley, 33 Barb. 610; Coope v. Bowles, 42 Barb. 87; High Rec., § 201. And the liabilities of third parties are not| increased or varied by his appointment as receiver. Lincoln v. Fitch, 42 Me. 456.
There passes to the receiver the property and rights of *368 the corporation, precisely in the same condition, and subject to the same equities, as they were held by the corporation. Receivers v. Patterson Gas Light Co., 3 Zabr. 283; High Rec., § 205.
There is but little, if any, dispute as to the facts of this case.
As shown on the face of the papers, $100,000 of notes, and mortgages appearing to secure tlie same, were deposited with the superintendent of insurance; and among the notes and mortgages were those of Ealkenbaeh and' Seltzer, who gave to the company their notes and mortgages without consideration, and to accommodate the company and Hess, who was the main agent of the Ohio Life Insurance Company. These makers gave these accommodation notes and mortgages to be deposited with the superintendent of insurance, under the the following statutes (69 Ohio L 152):
“ Sec. 8. Any life insurance company organized under this chapter, or any other law of this state, may invest its capital in stocks, bonds, and mortgages, or securities mentioned in the preceding section, and change and invest the same, or any part thereof, in like manner, at pleasure; but no company shall commence business until it has deposited with the superintendent of insurance at least one hundred thousand dollars in the stocks, bonds, and mortgages aforesaid, or one or more of them, duly made or assigned to said superintendent in trust for the purposes mentioned in this act.
“ Sec. 9. The superintendent of insurance shall hold such securities as security for policy-holders in said companies, but as long as any company so depositing shall continue solvent he shall permit such company to collect the interest or dividends on its securities so deposited, and from time to time to withdraw such securities, or any part thereof, on depositing with said superintendent other securities of the kinds heretofore named and of equal value with those withdrawn.
“ Sec. 10. Whenever the corporators shall have fully organized such company, and shall have deposited with the *369 superintendent the requisite amount of capital, said superintendent shall furnish the company with a certificate of such deposit, which, with a certified copy of the papers required by this chapter, when filed in the county recorder’s office of the county wherein such company is located, shall be the authority to commence business and issue policies, and the same may be used in evidence for and against the compauy in all suits.”
And when the notes and mortgages were so used as a part of such deposit, they must remain “ as security for policy-holders in said company.” The statute is clear and imperative. And we think it is clear that, as to such policy-holders, Ealkenbach and Seltzer are estopped to deny the existence of the corporation and its power to issue such policies. But what, if any thing, is due in this case to policy-holders ? There is no finding or evidence in the record from which we can ascertain any specific sum. The court finds, “ that the liabilities of said company to policy-holders and general creditors amount to $35,000 or more;” and in the record of the original case the plaintiffs, on May 25, 1876, “ express the hope and belief that in a short time every policy outstanding against the company and which shall not have lapsed by reason of the non-payment of assessments and premiums, will be canceled and taken up.”
It may be that no policy-holder has a claim secured by these deposits. Before these mortgages can be foreclosed there must be shown some specific amount due, or that may become due, on account of such policy-holders, and that such amount is a claim against this special deposit. And when such amount is ascertained, the amount needed from the deposit to pay the same, should be obtained through the .superintendent of insurance, who is the holder in trust of the deposited securities. The superintendent of insurance should act and perform his trust; and as he was formally made a party to the suit, he may disclose the facts of such trust; and when the trust is fully performed, *370 the remainder of the deposit, if any, should be properly disposed of.
The receiver has no rights in that part of the deposit of the $100,-000 that the company did not own ; but he has a right to know what the company did own, and he has an interest in the rights of the company in the deposit, though the rights of the company are subject to the rights of the policy-holders.
It is .suggested that such a claim must first exhaust the stockholders’ liability before these deposits can be required to be used. We think that such is not the law in this state.
In Wright v. McCormick, 17 Ohio St. 87, this court held that the liability imposed upon stockholders is a security “ over which the corporate authorities have no control,” and that “ this statutory liability of the stockholders is not a primary resource or fund for the payment of the debts of the corporation.”
But the general creditors are not in the same relation to these deposited securities. They have an interest only in the rights of the corporation. The notes and mortgages of Ealkenbach and Seltzer were not the property of the corporation. They were accommodation notes and mortgages, made without consideration, and taken and used by the corporation for a specific purpose. As against the makers, the corporation had no right to them for any other purpose. The corporation could not sue and compel the makers of these notes to pay to the corporation the amount of the notes; neither could the corporation foreclose the mortgages.
The receiver, as acting for the general creditors, has no more rights in them than the corporation had; and the makers of these notes and mortgages may defend against the claims of the general creditors, who have no rights in them; and these makers are not shown to have done any act that estops them to set up their defense in a suit by the receiver, as the representative of the general creditors. As to the other questions in the case we express no opinion. Whether or not Ealkenbach and Seltzer are estopped to *371 deny they are stockholders in the company, we express no-opinion; and this reversal is without prejudice to either party as to that matter.
On the facts, the court erred in the judgment and in ordering the mortgages to be foreclosed, and the judgment is reversed and the case is remanded to the circuit court for further proceedings.

Judgment reversed and cause remanded.