enable the defendants to surrender? If this be so, your declaration is bad, within the authorities cited. The obligors were prevented in their performance, by the omission of the obligee.]

*Monson*, read the case of *Mounsey* v. *Drake*, and insisted that the same objection existed in that case. The obligors might have paid the debt; and they can no more excuse themselves here, for the want of an execution, than in that case.

*S. Sherwood*, contra, said this case could not be distinguished from that of *Tuttle* v. *Kip*, (19 John. Rep. 194,) upon which latter case he relied as being conclusive for the defendants in error.

*Monson* said that case went upon the construction to be given to the 8th section of the act extending the jurisdiction of Justices of the Peace. (Sess. 41, ch. 94.) Nothing appears upon this record that the bond was given under that section. It might as well relate to any other Court, and the case cannot be distinguished from *Mounsey* v. *Drake*.

*Curia.* We think differently. In *Mounsey* v. *Drake*, the condition was general to surrender to the Sheriff. Here it is to surrender in execution. No one could sue out this execution except the plaintiff. It was, therefore, his own fault that the surrender did not take place.

Judgment affirmed.

---

RAYMOND *against* HINMAN.

THE *capias ad respondendum* was, by a clerical mistake, tested in October term, 1824, at Utica, whereas it should have been at Albany, where the Court was held.

*J. A. Spencer*, moved to set it aside as irregular.

*P. Ruggles*, moved to amend.

*Margin notes:*
ALBANY,
Feb. 1825.

Raymond
v.
Hinman.

*Capias ad respondendum* tested by mistake at Utica, when it should have been Albany, is amendable.

ALBANY,      *Spencer* objected, that being mesne process,
Feb. 1825.   amendable.

Hayes
v.           *Curia.*   The objection has never been extended to the
Bayley.      place of teste in *mesne* process.   The plaintiff may amend.

                                              Rule accordingly.

---

### HAYES *against* BAYLEY.

In assump
sit, and judg-
ment for the
plaintiff, on the
report of re-
ferees, for less
than $250, the
costs of oppos-
ing the motion
to set aside the
reference upon
the     merits,
like other costs
in the cause,
must be taxed
at the common
pleas rate only.
They are the
costs of an or-
dinary procee-
ding in the
cause, and pro-
perly included
in the final
bill.

IN assumpsit, the cause was referred; and the referees reported in favor of the plaintiff, $52 52.   The attorney for the defendant being dissatisfied with the report, moved to set it aside upon the merits, and the cause was placed upon the calendar, noticed for argument at several terms, brought to a hearing, the motion denied, and judgment rendered for the plaintiff upon the report.   The plaintiff's attorney noticed the costs for taxation, charging Common Pleas costs for all services, &c. except those which related to opposing the motion to set aside the report, for which he charged at the rate of Supreme Court costs, and the commissioner taxed them accordingly.

A motion was now made, in behalf of the defendant, for a re-taxation, upon this ground.

*B. Whiting*, for the motion.

*D. Beecher & J. A. Spencer*, contra.

*Curia.*   The whole of these proceedings, upon the motion, were in the ordinary course of the cause, and properly included in the final bill, among the general costs, like the expenses of the reference and the other usual expenses in the course of the suit.   They all, therefore, stand on the same footing as to the rate at which they should be taxed. The whole must be reduced to Common Pleas costs.

                                              Motion granted.