Mr Justice Johnson
 

 delivered the opinion of the Court.
 

 ,This was an action of debt instituted upóH thé.bank notes of the commonwealth bank,' in which the defendants haVe recovered judgment for $6350 with interest.
 

 The bank filed the same plea to the jurisdiction of the court below,' as was filed in.the case of Wister,- Price and Wister. The decision therefore, delivered in that, casé, renders it unnecessary to remark upon this part of the present cause. No other plea haying been -filed, judgment went by default for the. sum claimed by the writ. But upon examining the declaration which purports to count severally upon sixty-eight bills, it appears that one of* the sixty-eight has been omitted. Of consequence, the declaratiqh makes out a less sum, and one debit less in number than the writ claims or the judgment gives. This, is error: but the. plaintiffs now move for leave to cúre it, by entering a reniittitur of the debt so omittéd, and damages pro tanto. And this Court has; taken time to consider the motion.
 

 That the party would have had a right tci remit in the court below cannot be questioned: it is every day’s practice sustained by the gravest precedents. And the right extends,' not only to the ámóunt of damages, but to several causes of aption, distinct debts, distinct acres of land, and distinct pleas. Cro.
 
 Jac.
 
 146;
 
 Hob.
 
 178;
 
 Raym.
 
 395 ; 3 D. &
 
 E.
 
 659. And' the right is recognised as existing after error
 
 *329
 
 brought, and while the cause is depending in the court above,1 and the court of error . will suspend its judgment to give time for the defendant in error to amend in the court below. 3
 
 D. &f E.
 
 349. 659. 749,
 
 &c.
 

 But the difficulty consists in this, that the writ.of' eiror here does not . bring up the original record, but only a transcript, as in the case oferror to the house of lords. In error to the king’s bench,,that court will permit a remittitur,.. .Because it gets.possession Of the
 
 record.(3 D.
 
 &
 
 E.
 
 349.); but in.error to the house ,of. lords it is otherwise, and the entry must be made below for the reason assigned. 3 D. &
 
 E,
 
 659..
 

 After, such amendment made in our circuit courts, the party.would have to avail himself of it by suggesting diminution, and bringing up,the amended record, by certiorari.
 

 This Court therefore thinks itself authorised to make
 
 a.
 
 precedent in furtherance of justice, whereby a more convenient practice shall be introduced. And to allow the party; to «enter his remittitur Here; but on payment‘of the costs, if the writ oferror is prosecuted, no farther after such amendment made.
 

 Siich seems to.be the rule in the British courts,
 
 (Barnes,
 
 17,) and we think, it reasonable.
 

 The defendants here .will be permitted to enter the re-mittitur, and upon such entry the judgment will be affirmed, without costs in.errdr;
 

 This cause came on to be heard on a transcript of the re7 cOrd from the circuit court of the United States for the district of Kentucky, and'was argued by counsel; on consideration whereof, it appearing to this Court that the judgment of the said circuit court is for a larger sum than that claimed and-counted upon in the declaration in said cause in said, courts the said defendants in error filed here in open court a remittitur in the.following words, to wit:
 

 ; “ Supreme Court of the United States of January term,' in the year ,of "our lord eighteen: hundred and twenty-nine. Be it remembered,'that .on the trial of this cause before the
 
 *330
 
 Supreme Court of the United States on a writ of error to the circuit court of the United Siates .for the district of Kentucky, on the fourteenth day of February in the year aforesaid, it appeared that one of the sixty-eight bills upon which the. declaration purported to count severally, to wit, a bill for the amount of fifty dollars, had been omitted in said declaration ; the declaration tpaking out a less sum, and one debt less in number, than the writ claimed or the judgment gave. And. hereupon the said John Ashley and John Ella, Junior,'defendants in error, by Daniel J. Caswell their attorney and counsel in this Court, freely here in court remit to the said president and directors of the Bank of the Commonwealth of Kentucky, plaintiffs in. error p.s aforesaid in this cause, as well the said debt of fifty dollars so omitted as aforesaid, the residue of the debt aforesaid, together with interest-on'the said fifty dollars at the rate of six per centum per annum from the twenty-second day of September in the year of our Lord eighteen hundred arid twenty-five, as also damages pro tanto. As witness our hands this fourteenth day of February in the year of our lord eighteen hundred and twenty-nine. John Ashley and John Ella, Junior, by Daniel J. Caswell, their attorney and counsel in this Court.”
 

 Whereupon it is Considered, ordered and adjudged by this Court, that-the judgment of the said circuit court in this Cause be; and the samé 'is hereby affirmed without costs, deducting, from the said judgment of the said circuit court, the amount so.deducted as aforesaid.