WILLIAMS *vs.* WHEELER.

The practice of docketing judgments before the records have been signed by the clerk, is erroneous, and will not be sanctioned by the court.

Where a judgment was recovered upon a bond and warrant of attorney, and at the time the judgment record was left at the clerk's office, to be docketed, the attorney omitted to leave the warrant of attorney, but left it the next day, in the office; from which place it was taken away by another person, through mistake, and lost, and the clerk docketed the judgment without having previously signed the record; *Held* that these were errors which the court had power to remedy, by permitting an amendment of the record.

The section of the revised statutes which declares that no judgment shall be deemed valid, so as to authorize any proceedings thereon, until the record shall be signed and filed, and the sections respecting amendments, having been passed at the same time, are to be regarded as *in pari materia;* and they do not conflict with the power of the court to permit an amendment, under the latter sections, even in a case where, under the former, the proceeding would, without an amendment, be invalid.

IN this case, *P. Reynolds,* for the defendant, moved to set aside a judgment entered on bond and warrant of attorney, and an execution issued thereon, on two grounds; 1st, fraud in obtaining it; and 2d, irregularity in entering it. The allegation of fraud was fully met by the counter affidavits, and was aban-

Williams *v.* Wheeler.

doned on the argument. The irregularity consisted in this: that when the attorney left the record, on the 17th of August, at the clerk's office, he omitted to leave the warrant of attorney, but left it the next day, in the office, from which it was taken away, by mistake, by an attorney in no way connected with the case, who lost it. When the attorney left his record, the clerk was not present to sign it, and the deputy, by mistake, put it away among records to be docketed, instead of among those to be signed, and it was accordingly docketed without being signed. On the 23d of August, the clerk, discovering his omission, signed the record as of the 17th. Among the affidavits was one by the late clerk of the supreme court in New-York, stating that his practice had been to allow records left at his office in his absence to be docketed, before he signed them; and to tax the costs and sign the records at his convenience.

*S. M. Woodruff,* for the plaintiff, insisted that the judgment record having been filed and docketed on the 17th of August, and subsequently signed by the clerk as of the 17th, the judgment was regularly perfected as of that day. And that the execution was regularly issued; the warrant of attorney expressly authorizing the immediate issuing of an execution. That the judgment could not be impeached for, or affected by, any error of the clerk, or of a stranger, without the order of the court. But that if there was any error, the court had ample power to permit an amendment, under the statute respecting amendments. (2 *R. S.* 424.) And that this was a case where the error, if any, was one of form merely, arising from the default, or negligence, of an officer of the court, by which the defendant was not prejudiced, and where an amendment would be clearly equitable, and in furtherance of justice.

EDMONDS, J. In this case, the defendant being indebted to the plaintiff in some three or four thousand dollars, upon the promise of giving security by bond and warrant of attorney for that debt, obtained from his creditor $600 more; and after

Williams v. Wheeler.

deliberating as to the nature of the security, he, with a perfect understanding of what he was about, executed the bond and warrant of attorney, authorizing a judgment to be entered against him, and an execution to be forthwith issued thereon. Having thus secured to himself all the benefits that could be derived from the arrangement, he now asks, because of some errors or mistakes in point of practice, in carrying out the arrangement, to deprive his creditor of the promised security. And I am told, on the argument, that he does not ask this as a favor, but demands it as a matter of strict right.

It becomes me, then, well to consider whether the rules of practice are so strict and inflexible as to compel me to disregard that which it is most manifest is the substantial justice of the case; and whether the errors of the officers of the court in carrying into effect the agreement of the parties, errors which the creditor could not control or guard against, shall be allowed to operate to the destruction of that agreement—to deprive the creditor of all opportunity to obtain payment of his just claim, and virtually to discharge the debtor from his obligation.

The practice which, it is said, has long prevailed in the office of the clerk, and out of which the difficulty in this case has sprung, is unquestionably erroneous, and very hazardous. It may be a matter of convenience to the clerk to permit records to accumulate in his office until it shall become convenient for him to sign them, and in the meantime to allow the parties to have all the benefit of them, the same as if he had done his duty; but it is in violation of law, and cannot be sanctioned. That, however, is a matter which the parties cannot control, nor can they be aware of it, unless they follow the clerk and his deputies around from desk to desk to watch whether they do their duty. They cannot, therefore, justly be held responsible for every omission or error on the part of the clerk. Other parties may be innocently misled by some such error or omission, and rights may become vested, and thus the act of the officer, though erroneous, become binding and conclusive. But there is no such element in this case. This is simply a question between the debtor and the creditor, whether the former shall be released

from his obligation, and the latter be deprived of the security for his just claim, by the mistake or error of the officers of the court.

One of the wisest and most beneficent parts of our law, is the statute which confers on our courts the power of amendment; and the courts have been continually becoming more and more liberal in carrying its provisions into effect, where the rights of innocent third parties are not affected.

Before judgment, they may amend any process, pleading, or proceeding, in form or in substance, in furtherance of justice. (2 *R. S.* 424, § 1.)  After judgment, any defects or imperfections in matter of form may be rectified or amended in affirmance of the judgment.  (*Id.* § 4.)  And any omission, imperfection or defect, owing to any informality in entering a judgment, or to any default or negligence of any clerk or officer of the court, or of the parties or their counsellors or attorneys, by which neither party shall be prejudiced, and not being against the right and justice of the matter, may be amended at any time.   And it is expressly declared that no judgment by confession, &c. shall be reversed, impaired, or in any way affected by reason thereof.  (*Id.* §§ 7, 8.)

In this case the difficulty arose from the mistake of the clerk in handing over the record to be docketed before it was signed, and thus forgetting for several days that it had not been signed, and from the negligence of the attorney in omitting to leave with the clerk the warrant of attorney at the time he left the record, and when afterwards he did leave it, from the accident of another attorney's carrying off that paper from the clerk's table.   Will it be "furthering justice" or conforming to the "right and justice of the matter," for this court to destroy the agreement between these parties and vacate the judgment, for this cause?  I do not so understand our duty.   Nor have our courts been characterized by such rigid practice.   In *Lee* v. *Curtiss*, (17 *John. Rep.* 86,) the record was altered by striking out a verdict and substituting a nonsuit, so as to accord with the truth of the case.   In *Seaman* v. *Drake*, (1 *Caines*, 9,) the omission to sign the record was held not to prejudice either parties or strangers, and the record was allowed to be amended.

So in *Close* v. *Gillespie*, (3 *John. Rep.* 526,) where the cognovit was not signed, and there was in fact no confession on the record. So in case of a mistake in the name of the party for whom judgment was rendered. (*March* v. *Berry*, 7 *Cowen*, 344.) Judgment has also been amended by striking out the name of one of the defendants, (*Hanmer* v. *McConnell*, 2 *Ham.* 32;) by making it conform to a recognizance, (*State* v. *Cherry*, 2 *Dev.* 550;) by inserting costs, (*O'Driscol* v. *McBurney*, 2 *Nev. & Man.* 59;) by inserting the recovery below, (*Lowry* v. *Catlin*, 2 *Verm.* 365;) where judgment was entered on the wrong count, and that after ten years had elapsed, (*Chamberlin* v. *Crane*, 4 *N. Hamp.* 115;) by adding a defendant, (*Bank of Newburgh* v. *Seymour*, 14 *John.* 219;) by correcting the amount of the judgment, even after satisfaction piece filed, (*Mechanics' Bank* v. *Minthorne*, 19 *John.* 244; *S. P. Patton* v. *Massey*, 2 *Hill*, 475; *Dewey* v. *Ten Eyck*, 2 *Penn.* 1023; *Commonwealth* v. *Winstons*, 5 *Rand.* 546.) And many of these amendments were permitted even after error brought. (*Cheetham* v. *Tillotson*, 4 *John.* 499. *Hubert* v. *Hardenburgh*, 5 *Halst.* 222. *Bank of Kentucky* v. *Ashley*, 2 *Pet.* 329. *Prevost* v. *Nichols*, 4 *Yeates*, 479.)

But it is useless to multiply authorities; enough have been referred to, to show the principles which have governed our courts on the subject of amendments, and which will govern this court.

But it is insisted that the revised statutes contain a new enactment, passed since many of these decisions, and altering the law. Thus § 11, (2 *R. S.* 360,) which defines the duty of the clerk to mark on the record the time of filing it, contains this in addition, "no judgment shall be deemed valid so as to authorize any proceedings thereon until the record shall be signed and filed." And it is urged that this judgment not having been in fact signed till after the execution issued, though by mistake or negligence of the clerk, the execution on it was void. This provision sprung out of the decision of this court in *Barrie* v. *Dana*, (20 *John.* 307,) where it was contended that it was not necessary, under the statute, to have the record actually filed

before taking out execution; in analogy to the English practice which authorized an execution to be issued as soon as the judgment was signed. This court said, however, that it had been their invariable practice to require the record to be filed, as well as signed, before execution; and the whole object of the statute evidently was, perhaps unnecessarily, to settle the question and establish the practice.

This statute, and that respecting amendments, were passed at the same time, are to be regarded as *in pari materia,* and do not conflict with the power of the court to allow an amendment under the latter, even in a case where under the former, the proceeding would, without an amendment, be invalid. And the propriety of allowing the amendment is manifest when thus the right and justice of the matter will be attained and nothing disturbed except that which was intended merely as a regulation of practice.

It will be proper then to allow an amendment of the record by which it shall be signed as of the 17th of August, and to permit the warrant of attorney to be filed as of that time. And I allow it without costs, because it was inequitable for the defendant to seek to get rid of the judgment against him, under the circumstances of this case.

