JAMES DURRELL ET AL. *v.* HENRY BOYD, Assignee, etc.

(No. 8,069.)

It is not error for the court, with the assent of the prevailing party, to make a remittitur of part of the damages found in a verdict, and render judgment for the balance.

GENERAL TERM.—Proceeding in error to reverse a judgment at special term, rendered against Durrell et al., upon the verdict of a jury, in an action for the wrongful taking and conversion of certain personal property. The error alleged is, the allowing the plaintiff in the action to remit a part of the damages, and, thereupon, overruling a motion for a new trial. The court was of opinion that the damages assessed by the jury exceeded the proper amount in the sum of $450; and that sum having been remitted by the plaintiff, the motion for a new trial was overruled, and judgment was entered for the balance. To this an exception was taken and entered on the minutes. No bill of exceptions stating the evidence was signed by the judge.

*J. H. Clemmer & W. T. Forrest, Stallo & McCook,* for plaintiffs in error.

*Joliffe & Gitchell,* for defendant in error.

GOHLSON, J., delivered the opinion of the court.

The simple question presented is, whether the judge being of opinion that there was an error in the assessment of damages, to a certain extent, can allow such error to be cured by a remittitur. The right thus to cure an error, it has been said, " can not be questioned : it is every day's practice, sustained by the gravest precedents. And the right extends, not only to the amount of damages, but to several causes of action, distinct debts, distinct acres of land, and distinct

pleas." *Bank of Kentucky* v. *Ashley*, 2 Peters, 327, 328; citing Cro. Jac. 146 ; and Hob. 178 ; Raym. 395 ; 3 D. & E. 659.

When the objection to a verdict is, that injustice has been done in respect of the amount, when that objection is obviated by a reduction, there can be no further ground of complaint. Such an alteration of a verdict can only be made with the consent of the plaintiff, but the defendant can not object. *Moore* v. *Tuckwell*, 50 Eng. Com. Law, 607, 609 ; *Hughes* v. *Hughes*, 15 Mees. & Welsb. 704.

Judgment affirmed.