## WILLIAM LEETCH *v.* THE ATLANTIC MUTUAL INS. CO.

A judge of the court out of which a commission to take testimony has issued, may, after the commission has been executed and returned, indorse upon it an allowance of the interrogatories and a direction as to the return, such as a judge of the court would have done, had he been applied to before the commission was dispatched.

The writ of commission is to be regarded as process, and is amendable wherever process is amendable. An amendment will be allowed whenever it is in furtherance of justice, if the court has jurisdiction of the action in which the amendment is sought to be made.

The general subject of amending process at common law and under the statute discussed.

There being no provision in the statute as to the mode in which witnesses unacquainted with the English language shall be examined, and the commissioner having acted as interpreter, no special instructions in that particular having been given by either party,—*Held,* that it would be assumed that they meant that he should do so, there being no pretence that he was not able to translate correctly the questions into Spanish and the answers into English, or that he had been guilty of any partiality or unfairness.

It was agreed that if either commissioner were absent, the examination might be taken before the other. One of the commissioners was at the place where the commission was executed when it was received, and for some time after, but was absent in the city of Mexico when the witnesses were produced and examined before the other commissioner. *Held,* in the absence of any proof of abuse or of any unfairness or partiality by the commissioner who acted, that this was no ground for vacating the commission.

SPECIAL TERM, *November,* 1873.

MOTION to amend a commission to take testimony on the part of the defendants, and to vacate the return to a commission issued by the plaintiff.

The commission issued on the part of the defendants was directed to R. B. Foster, of Brazos, Texas, and was witnessed in the name of the Chief Justice of the court, and was signed by the clerk. An indorsement by the defendants' attorney directed its return by mail or other safe conveyance to the clerk of the court, but these instructions were not signed by a judge of this court. The interrogatories and cross-interrogatories were settled by stipulation. The commission was executed and returned to the clerk of the court, and was duly

filed April 22d, 1871. In June, 1873, the case came on for trial, and the depositions taken under the commission were offered in evidence, when for the first time the objection was raised that the instructions for the return of the commission were not signed by a judge of the court. The objection was held to be well taken, and the depositions rejected. The defendants then moved to amend the commission, *nunc pro tunc,* but the court denied the motion, on the ground that it had not the power to do so, but without prejudice to a motion to be made at special term. The court then directed a juror to be withdrawn, and allowed the case to go off for the term. In pursuance of the permission granted at the trial, this motion to amend the commission, by having the instructions for its return signed, *nunc pro tunc,* by the judge in whose name it was witnessed, was made.

The grounds of the motion to vacate the return to the commission issued by the plaintiff, appear in the opinion.

*C. A. Hand,* for the motion.

*Abbett & Fuller,* opposed.

DALY, CH. J.—I think the commission may be amended by doing now, after its execution, what ought to and would have been done when it was issued. Whether regarded as "process," or as a "proceeding," it is amendable under the general power given by the Revised Statutes (2 R. S. 424, § 1), which is a power to amend any process, pleading, or proceeding, in form or *substance,* for the furtherance of justice, and such is the nature of the amendment asked for here. If any judge of the court had been applied to at the issuing of the commission, he would have ordered to have been done exactly what has been done—a return of the commission by mail addressed to the clerk of the court. The commission issued by order of and under the seal of the court. The interrogatories were settled by consent of parties, instead of being allowed by a judge, as provided by statute. Had they been settled by a judge of the court, then, under the statute, it would have been his duty to

have indorsed his allowance of the interrogatories, and to indorse upon the commission the manner in which it should be returned. The statute declares that he may, in his discretion, direct that it be returned by mail, addressed to the clerk of the court out of which it issued, and in this court this is always the direction given by the judge, unless by consent of both parties a different direction is given. It is the judge who settles the interrogatories who is to do this, but their allowance by a judge was dispensed with, the parties having settled them by consent, annexing a written stipulation to that effect to the commission. By their own act, therefore, they dispensed not only with an allowance by a judge, but necessarily with the statutory requirement of a direction by the judge making the allowance. The statute makes no provision for a settlement of interrogatories by consent of parties, but it does provide that the parties may agree in writing on the manner in which the commission may be returned. The commission was sent without any such agreement; so that the parties not only made no agreement as to the manner in which the commission was to be returned, but by settling the interrogatories themselves, they dispensed with an allowance of them by a judge, and a direction as to the manner of the return by the judge making the allowance. The defendants, at whose instance the commission issued, might, it is true, have applied to a judge for an allowance of the interrogatories, although consented to by both parties, but this would have to have been upon notice to the other party, which it is very evident was not what was contemplated by either party, or they would not have settled them by a stipulation in writing. The question then is, whether a judge of the court can, now that the commission has been executed and returned, indorse upon it an allowance of the interrogatories and a direction as to the return, such as a judge of the court would have done had he been applied to before the commission was dispatched. I think he can. The commission was tested in my name as the Chief Justice of the court, and the application is, therefore, formally made to me to amend the commission in this respect, that it may be read upon the trial.

The commission had been returned more than two years,

and copies of the testimony taken had been furnished to both parties, when upon the cause being brought to trial, the technical objection was taken by the plaintiff that there was no direction by a judge nor any consent in writing providing for the manner of the return, and upon the application now made to have it amended in this respect under the general power given by the Revised Statutes to any court to amend any process or proceeding in any action, it is insisted that for the want of this statutory requirement, the commission was absolutely void and cannot be amended.

The want of statutory requirements in any process or proceeding in an action may be supplied by amendment ; for the provision in respect to amendments makes no distinction between statutory requirements and any other. It is a general power to be exercised in all actions, and is not to be confounded with special statutory proceedings, which are not actions, and where every statutory requirement is necessary to give jurisdiction.

The writ of commission is to be regarded as process, and is amendable wherever process is amendable. The statute has added comparatively little to the power of courts of record to allow amendments. It has, however, extended these powers to all courts in which an action is pending, so as to include courts not of record, such as courts of justices of the peace. The power of amendment in courts of record in actions, was nearly as great before the statute as after it, and it is only necessary to resort to the previous practice and authorities, to know when process was amendable and when it was not. Process was not amendable where it appeared upon the face of it that it was absolutely void. It was not adjudged to be void for the *omission* of something which was essential; but for what was *contained* in it. Thus a writ was held to be absolutely void where one or more terms intervened between the teste and return (*Bunn* v. *Thomas et al.* 2 Johns. R. 190 ; *Burk* v. *Barnard*, 4 Id. 309). It was void because it was shown upon the face of it that it was in violation of a rule of the common law, which required that mesne process should be returnable in the term after its teste, that the defendant might not be unnecessarily detained

in prison without having an opportunity to make his defense, which would be the case if one or more terms were allowed to intervene between the teste and the return day of the writ (*Shirley* v. *Wright*, 2 Ld. Ray. 777). It was an absolute nullity from what was contained in it, and to prevent abuses by the issuing of such writs, the courts were very strict and would not allow them to be amended, although at the present day it is probable an amendment might be allowed if a strong excuse were made (*Cayward* v. *Doolittle*, 6 Cow. 602), especially since the Revised Statutes (*Parke* v. *Heath*, 15 Wend. 301). So a writ returnable upon a *dies non*, as where it was made returnable upon Sunday, was regarded as absolutely void (*Mills* v. *Bond*, 1 Str. 399 ; *Kenworthy* v. *Peppiat*, 4 Barn. & Ald. 288; *Chandler* v. *Brecknell*, 4 Cow. 49); but even this was not subsequently adhered to. In *Adams* v. *Luck* (6 Moore, 113 ; 3 Bro. & Bing. 25), mesne process returnable upon a *dies non*, was allowed to be amended, and in *Parke* v. *Heath* (15 Wend. 301), it was held that since the power of amendment given by the Revised Statutes, such a writ was not void, but voidable, and that the court might allow it to be amended if it were " for the furtherance of justice."

If the writ were otherwise good, but something was omitted which was essential, the court would allow it to be supplied by amendment after the execution of the writ; the whole policy of the law being in favor of allowing omissions to be supplied by amendment, in cases where it tends to promote the ends of justice, and it has been truly called the wisest and most beneficent part of our law ( *Williams* v. *Wheeler*, 1 Barb. 51).

Thus the want of the clerk's signature to the process may be supplied by amendment (*Pepoon* v. *Jenkins*, 3 Johns. Cas. 420, 2d ed.); or of the seal of the court (*People* v. *Steuben Com. Pleas*, 5 Wend. 103 ; *Jackson* v. *Brown*, 4 Cow. 550); or the sheriff's return to a venire may be added by amendment after trial (Id.) ; or a sheriff's return to process, amended after an action is brought for a false return (*People* v. *Ames*, 35 N. Y. 482) ; or process may be amended in the name of the defendant after it is executed and he is in custody under it (1 Tidd's Pr. 161, 9th Lond. ed.); or a writ of replevin in the

*cepit* may, after it is executed, be amended so as to run in the *detinet* (*Anon.* 4 Hill, 603); or a writ may be amended which has no place of return, or where there is a mistake in the place (*Cutler* v. *Rathbone*, 1 Hill, 204; *Raymond* v. *Hinman*, 4 Cow. 41); or which is returnable on Sunday (*Anstice* v. *White*, 1 Am. Law Rep. 152; *Boyd* v. *Vanderkemp*, 1 Barb. Ch. R. 273; *Stone* v. *Martin*, 2 Denio, 185); or tested on Sunday (*Williams* v. *Hogeboom*, 22 Wend. 648); or in the name of one not the justice (*Brown* v. *Alpin*, 1 Cow. 203); or where it is directed to the coroner instead of the sheriff (*Bronson* v. *Earl*, 17 Johns. R. 63). But it is not necessary to pursue the illustration by a further reference to adjudged cases. The old rule was that an amendment would be allowed where there was anything to amend by (1 Arch. Practice, 67); but even this was not adhered to, and amendments have been allowed where there was nothing to amend by (*Rutherford* v. *Mein et al.* 2 Smith (Eng.), 392; *Carr* v. *Shaw*, 7 Term R. 299; 1 Tidd Pr. 130, 9th Lond. ed.). In the first of these cases it was urged that the writ being radically defective, the application was not to *amend*, but to *supply*; but the court allowed it upon the authority of the case above referred to from the 7th Term Reports, where they said "the amendment was allowed without anything *dehors* to amend by," and under the provision in our Revised Statutes, authorizing amendments, it may be said, from the interpretation put upon it in the cases I have cited, that an amendment will be allowed whenever it is in further- ance of justice, if the court has jurisdiction of the action in which the "process, pleading or proceeding" is sought to be amended. To illustrate the distinction: where a suit was in- tended to be commenced by declaration in the Superior Court of this city, and the declaration by which it was intended to be commenced was by mistake filed in the office of the clerk of the Supreme Court, it was held that the Superior Court could not *by amendment*, remedy the mistake, there being no action there; "the very first step in the process—the foundation of the proceeding" being wanting, as no declaration had been filed in that court (*People* v. *The Superior Court*, 18 Wend. 677). And an execution issued in the Supreme Court upon a

judgment in the Common Pleas, was held to be absolutely void, and not amendable in the Common Pleas, for the reason that the Common Pleas could not amend anything that had been done in that court towards enforcing the execution of the judgment, and they could not amend an execution which was issued in the Supreme Court (*Clarke* v. *Miller*, 18 Barb. 271). But in the present case, the suit in which the commission issued was pending in, and the order for the commission was made in this court so that there is something here to amend by.

The plaintiff, in opposing the application, relies upon the cases of *Jackson* v. *Hobby* (20 Johns. 357); *Richardson* v. *Gere* (21 Wend. 156); *Smith* v. *Randall* (3 Hill, 497); and *Fleming* v. *Hollenback* (7 Barb. 271), adjudging that the statute authorizing the taking of testimony of witnesses out of the State by commission is an innovation upon the common-law rules of evidence, and that therefore its positive requirements must be strictly complied with. But these were not cases where any application was made to · amend, but where the commission was held to be defective for want of some one of the requirements of the statute, and they in no way affect the question of the power of the court to remedy a defect of this kind by amendment. In *Ford* v. *Williams* (24 N. Y. 366), where a commission was rejected for want of one of these requirements—a seal—Judge Denio recognized that process without a seal might be amended, but said that that practice did not touch the case, as there had been no application to the court, and no order. in the matter. He did not, in so many words, say that the defect might have been remedied by an amendment, if it had been applied for ; but I think, from his language, that it is very evident that he so understood the law.

As I have said before, what would have been directed by a judge to have been done, has been done, in respect to the return of the commission. There is no pretence of any abuse. The commissioner, upon the execution of the commission, sent it by mail addressed to the clerk of the court, by whom it was duly received, and placed on file. It was for the examination of witnesses in Texas, and two years have elapsed since its execution and return. The witnesses may now be scattered or

dead, and it would be a great hardship to delay the trial until another commission could be sent to Texas, executed, and returned to the city, to say nothing of the expense that would be imposed. I entertain no doubt of the power; and as, in my opinion, it would be for the furtherance of justice, I will formally indorse, *nunc pro tunc*, an allowance of the interrogatories, together with a formal direction for the return of the commission to the clerk of the court, that it may be used upon the trial.

There is no ground for complaint against the plaintiff for raising this technical objection to the reading of the defendants'· commission, as the defendants first interposed technical objections to the reading of commissions issued by the plaintiff, upon the ground that it did not appear, the witnesses being Mexicans, that the commissioner had sworn an interpreter to translate the questions into the Spanish language to the witnesses, and to translate the answers of the·witnesses into the English language, before they were written down and certified by the commissioner. The commissioner, who was in the consular service of the United States, was acquainted with the Spanish language, and having received no special instruction in the commission to the contrary, he very naturally acted as interpreter, putting the questions sent to him to the witnesses in Spanish, and putting the answers returned by them into English. There is no pretence that he was guilty of any partiality or unfairness; that he was not able to translate correctly the questions into Spanish, and the replies into English, or that he did not in every instance do so. In the absence of anything to the contrary, it will be presumed that the commissioner did his duty fairly and honestly (*Sheldon* v. *Wood*, 2 Bosw. 280). There is no provision in the statute as to the mode in which witnesses unacquainted with the English language shall be examined. They must necessarily be examined through an interpreter, and where the commissioner to whom the commission was sent acted as interpreter, and no special instructions in that particular were given him by either party, it will be presumed that both parties meant that he should do so. The commission was executed at Frontinara, in

Mexico, the commissioners being the United States consul and vice-consul at Tabasco, in Mexico, where the prevailing or common language of the people is the Spanish. The witnesses named in the commission bear Spanish names. It is very evident, from these circumstances, that the parties intended that the commissioners should interpret from the English to the Spanish and from the Spanish to the English, if it should be necessary, and in the absence of anything to the contrary, such will be the presumption.

The examination was taken before the vice-consul, provision having been made in the commission that if either were absent, it might be taken before the other. The commission is sought to be set aside because the consul was in Tabasco for some time after the commission arrived there, and that it might have been executed before him, although he was absent in the city of Mexico when the witnesses were brought before the vice-consul for examination. It is stated upon *information* and belief, that the evidence taken before the vice-consul " *is inconsistent with proven facts*," and the defendants therefore move that the commission be vacated. I am at a loss to perceive what ground this affords for vacating the commission. Not a single fact but this is stated ; nothing to show any abuse on the part of the vice-consul who acted ; any unfairness, partiality, or misconduct on his part, or on the part of any one else. The application to vacate the plaintiff's commission, either for the want of a sworn interpreter, or because the vice-consul alone acted, will be denied ; and that there may be no further delay, the defendants' application for the amendment of his commission will be granted upon his stipulating in writing that the plaintiff's commission may be read on the trial without any objection to the mode of executing it.

Order accordingly.