## HICKS *v.* FERDINAND and others.

*(Circuit Court, S. D. New York.* April 9, 1884.)

PATENT LAW—REHEARINGS OF CASES TO BE DISCOURAGED WHEN PRIOR USE IS THE DEFENSE.

Rehearings in equity cases should be generally denied, when the grounds offered therefor pertain to matters of evidence that could just as well have been procured before the trial already had. This should be especially the rule in patent cases when the defense is *prior use,* since it is seldom that the defendant cannot make it appear that he has discovered new evidence in support of such a defense.

In Equity.

*Frost & Coe,* for complainant.

*Briesen & Steele* and *Roscoe Conkling,* for defendants.

WALLACE, J. The application to amend the answer, and for a rehearing, should be denied, because it does not satisfactorily appear that the facts constituting the new defense could not have been discovered by the exercise of reasonable diligence before the cause went to a hearing. The complainant has conducted a difficult, protracted, and expensive litigation to a successful issue, and it would subject him to great hardship to compel him now to abandon the fruits and meet a new defense. It was his right to be apprised by the answer of the defenses which he would have to meet and overthrow, so that he could elect whether to proceed with his suit or abandon it. Amendments of pleadings which introduce a new defense are permitted with great reluctance in equity after a cause has been set for hearing, and after a hearing are rarely allowed. *Walden* v. *Bodley,* 14 Pet. 156, 160; *Smith* v. *Babcock,* 3 Sumn. 583. When the application is based upon the ground of newly-discovered evidence, a more liberal rule obtains; but courts of equity, as well as courts of law, in such cases proceed with great caution, and extend no indulgence to the negligent. Unless it appears affirmatively that the evidence could not have been obtained in due season if the party applying had used all reasonable efforts in that behalf, the application will be denied. It is due to the public interests, as well as to the immediate litigants, that rehearings for the purpose of letting in evidence which might and ought to have been introduced before the hearing should not be tolerated. In no class of cases should the practice of allowing rehearings be more strictly guarded than in cases like the present, where the defense of prior use is relied on to defeat the novelty of a patented invention, because it is seldom that a defendant cannot make it appear that he has discovered additional evidence in support of such a defense. The defendant states in his affidavit, in general terms, that he "has been eager to collect all material evidence," and "has made great exertion and every reasonable effort to defend the suit." These are his conclusions, but if the facts were specified they might not be the conclu-

sions of the court.    Such generality of statement is not sufficient; if it could not be conscientiously made in almost every case, it could be in every case with facility and with entire safety.

The motion is denied.