654

## CUNO ENGINEERING CORPORATION v. HUDSON AUTO SUPPLY CO. Inc. (CONNECTICUT AUTOMOTIVE SPECIALTIES CO., Intervener).

### No. 3820.

District Court, E. D. New York.
Sept. 4, 1930.

Robert Starr Allyn, of New York City, for plaintiff.

Janney, Blair & Curtis, of New York City, for defendants.

CAMPBELL, District Judge.

This is a motion for a rehearing and for leave to amend answer.

This case was tried before me in May, 1929, and the decree was entered on August 5, 1929, more than one year before this motion was made, and no appeal was taken from the decree.

■ The defendants, having lost their case on one theory, now seek to try it on another.

This cannot be allowed, if, trials are to conclude anything. Hicks v. Ferdinand (C. C.) 20 F. 111; Corrugated Paper Patents Co. v. Paper Working Mach. Co. (D. C.) 237 F. 391; Landis Tool Co. v. Ingle (C. C. A.) 286 F. 5.

Neither the case of Simmons Co. v. Grier Bros. Co., 258 U. S. 82, 42 S. Ct. 196, 66 L. Ed. 475, nor Kerner Incinerator Co. v. Townsend Estates (D. C.) 27 F.(2d) 599, 602, cited on behalf of defendant, is in point, as in those cases the petition for rehearing was filed without unreasonable delay, while in the case at bar that is not the fact, as there has been a delay of over one year and the accounting has been proceeding for some time.

The whole question involved in this suit has been fully litigated, both in this court and in the arbitration which was had prior thereto.

The present counsel for the defendants have been in this case since early this year, and have appeared before me with reference thereto before this motion was made, with no suggestion of a reargument or a rehearing.

All of the patents which the defendants seek to set up were before the arbitrators, except Kretzer, No. 699,761, and Foreman, No. 884,142, and a proper search would have revealed them if they are proper references, but the defendants on the trial deliberately waived any attack on the validity of the patent, and it is too late at this time to obtain a new trial on evidence of which the defendants were aware, or with reasonable diligence could have ascertained.

■ Defendants' motion proposes to bring in six references showing anticipation, but on the argument and in their brief refer only to Kretzer, No. 699,761, which I must assume they consider their best reference, and after examination of that patent I am convinced it does not anticipate.

The construction of Kretzer was for an entirely different purpose.

It was not related to cigar lighters, and does not show a coil-receiving recess, nor any central wire passage; on the contrary, the central hole is intended for a mounting screw.

The motion is denied.