## McINTYRE v. TEXAS CO. (two cases).
### Nos. 240, 298.

Circuit Court of Appeals, Second Circuit.
March 16, 1931.

C. B. Dunham, of New York City, for appellant.

Lucien V. Axtell, of New York City (Elizabeth Robinson, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Appellee has had a judgment below entered upon a jury's verdict for personal injuries. A motion is made to strike out the bill of exceptions as not having been settled and filed within the time prescribed by the rule. It appears that the District Judge stated that he had made an order within the time extending the time to settle and file the bill of exceptions, and that such order was mislaid. It was not found on file in the District Court clerk's office. With this information, and the statement thereof recited, an order was entered nunc pro tunc settling the bill of exceptions and ordering it filed. This statement having been made by the trial judge is sufficient, and an order nunc pro tunc was properly entered as a substitute for the order which was mislaid. In re Wight, 134 U. S. 136, 10 S. Ct. 487, 33 L. Ed. 865. An order nunc pro tunc could not have been lawfully entered if an order had not been made originally extending the time. Gagnon v. U. S., 193 U. S. 451, 24 S. Ct. 510, 48 L. Ed. 745.

Upon an examination of the record thus before us, it is clear that no substantial error requiring a reversal of the judgment was made. Issues of fact were presented for the jury's determination, and the verdict for the plaintiff won the approval of the trial judge, who denied the motion to set the verdict aside. The judgment entered thereon is affirmed.

An application was made for a new trial on newly discovered evidence. The court below in a satisfactory opinion, examined the evidence submitted by affidavits and held that the appellant not only was not vigilant in presenting it, but, upon an examination there-

of, it was insufficient to warrant a new trial. The exercise of that discretion against the appellant is not reviewable. Miller v. Maryland Casualty Co., 40 F.(2d) 463 (C. C. A. 2). The appeal from such order is therefore dismissed.

Judgment entered on the verdict is affirmed.