## CAMPBELL v. AMERICAN FOREIGN S. S. CORPORATION.

### Nos. 149, 150.

Circuit Court of Appeals, Second Circuit.

Jan. 13, 1941.

---

[3] Borchard Declaratory Judgments, pages 187, 188, 417, 424, 426, 433, 436, 566, 606; 101 A.L.R. 694.

Corydon B. Dunham, of New York City, for defendant-appellant.

Jacob Rassner, of New York City, for plaintiff-appellant.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff was employed as officers' messman on a vessel of the defendant. On March 19, 1939, in the course of his duties, he sustained a fall which resulted in injuries to his head that developed into a neurosis. Alleging that the fall was caused by the defendant's negligence, he brought suit under the Jones Act, 46 U.S.C.A. § 688, and added a second count for cure and maintenance. The case came to trial in February 1940; it resulted in the jury returning a verdict for the defendant on the negligence count and for the plaintiff, in the sum of $5,500, on the court for cure and maintenance. Nothing further need be said as to the cause of action based on negligence; these appeals do not involve the judgment dismissing it. On the defendant's motion to set aside the verdict of $5,500 on the second count, the district judge reduced the verdict to $3,041.50 and directed judgment to be entered for the reduced amount. His memorandum opinion shows how this figure was arrived at: it represents cure and maintenance, at the stipulated rate of $2.50 per day, for a period of four months prior to the trial, in the sum of $304, and for a period of three years thereafter, in the sum of $2,737.50. Judgment on this count was entered May 9, 1940, and each party promptly appealed.

Thereafter on August 8, 1940 the defendant made a motion, supported by affidavits, that a new trial be granted on the cure and maintenance count. The supporting affidavits disclose that subsequent to the trial Campbell had been elected to an office in the National Maritime Union and had been in the employ and pay of said Union continuously since July 1, 1940. His pay was $40 per week. Campbell's replying affidavit asserted that his employment, which was substantially that of a clerk, required no physical exertion and that he was still unable to work as a seaman and was in need of medical advice and treatment. The motion was denied in a memorandum dated

September 4, 1940, but the formal order of denial was not entered until October 30th. Meanwhile the defendant's attorney moved for a reargument of the said motion for a new trial and of his original motion to set aside the verdict. The motion for reargument was denied on November 7th. The defendant immediately appealed from the orders of October 30th and November 7th.

■■■ The appeal from these orders must be dismissed. The granting or refusing of a new trial is a matter resting within the discretion of the trial court and will be reviewed only for a clear abuse of discretion. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 482, 53 S.Ct. 252, 77 L.Ed. 439; American Lumbermen's Mut. Casualty Co. of Illinois v. Timms & Howard, Inc., 2 Cir., 108 F.2d 497, 504; McIntyre v. Texas Co., 2 Cir., 48 F.2d 211; Royal Ins. Co. v. Eastham, 5 Cir., 71 F.2d 385, 389, certiorari denied 293 U.S. 557, 55 S.Ct. 110, 79 L.Ed. 658. Viewed as a motion under Rule 59, 28 U.S.C.A. following section 723c, for a new trial for newly discovered evidence, there was no abuse of discretion in denying it. The facts alleged in support of the motion do not constitute "newly discovered evidence" within the rule. That phrase refers to evidence of facts in existence at the time of the trial, of which the aggrieved party was excusably ignorant. If it were ground for a new trial that facts occurring subsequent to the trial have shown that the expert witnesses made an inaccurate prophecy of the prospective disability of the plaintiff, the litigation would never come to an end. The weight of authority is against the granting of a new trial on the ground of unexpected improvement in the plaintiff's condition, unless the evidence is sufficient to show fraud. Rogers v. Goforth, W. Va., 2 S.E.2d 903; Woods v. Kentucky Traction & Terminal Co., 252 Ky. 78, 65 S.W.2d 961; Johnson v. Rule, 105 Vt. 249, 164 A. 681; Nebelung v. Norman, 14 Cal. 2d 647, 96 P.2d 327; Amalfi v. Post & McCord, Inc., 250 App.Div. 408, 294 N.Y.S. 633. Viewed as a motion under Rule 60 to set aside the judgment for fraud the denial of it was also proper. There was not the slightest evidence of fraud in procuring the judgment.

■■■ Upon the main appeal the defendant argues that the action of the district court in unconditionally reducing the verdict without giving the plaintiff an opportunity to accept the reduction rather than have a new trial, is an error of which the defendant may take advantage. Kennon v. Gilmer, 131 U.S. 22, at page 30, 9 S.Ct. 696, at page 699, 33 L.Ed. 110, so held, Mr. Justice Gray saying: "The defendants were prejudiced, because, if the judgment for the lesser sum had been conditional upon a remittitur by the plaintiff, the defendants, if the plaintiff had not remitted, would have had a new trial generally; and if the plaintiff had filed a remittitur, and thereby consented to the judgment, he could not have sued out a writ of error, and the defendants would have been protected from the possibility of being obliged in any event to pay the larger sum."

To meet this position the plaintiff, upon the argument, asked leave to withdraw his appeal and file a consent in this court to the reduction of the verdict. It seems probable that we have power to permit this and to affirm the judgment if the record discloses no other substantial error. See Bank of Kentucky v. Ashley, 2 Pet. 327, 7 L.Ed. 440; Streckfus Steamers, Inc., v. Shuttleworth, 4 Cir., 86 F.2d 327, 328, rehearing denied 4 Cir., 86 F.2d 1013, certiorari denied, 301 U.S. 694, 57 S.Ct. 922, 81 L.Ed. 1350; Becker Bros. v. United States, 2 Cir., 7 F.2d 3, 8. But even if reduced to $3,041.50 we think the verdict could not stand. No physician predicted that the plaintiff would be incapacitated for three years beyond the date of trial. Dr. Kelman, the most pessimistic, who had last examined the plaintiff on November 29, 1939, when he was last discharged from the United States Marine Hospital at Stapleton, said that "he may have to come back several times more," and "I would like to follow the man somewhere between two and five years to get some idea as to how it is going to turn out." He said further that the plaintiff was not able to work "at the present time." Dr. Perkins, also called by the plaintiff, had examined him on February 13, 1940, the day before the trial began. He testified that he could not say as to the length of time the plaintiff would be incapacitated; "these conditions (emotional states) vary from day to day and week to week", and whether he is able at the present time to engage in any steady form of employment "could only be determined by trying light forms of occupation." Dr. Chaney, the defendant's witness, examined the plaintiff on January 15, 1940, and thought him perfectly capable of work-

ing. The medical testimony is too indefi-
nite to justify a verdict based on an award
of maintenance at $2.50 for a term of three
years. The rule sanctioned in Calmar S.
S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct.
651, 654, 82 L.Ed. 993, permits awards of
"small amounts to cover future mainte-
nance and cure of a kind and for a period
definitely ascertained or ascertainable"; it
rejected the policy of awarding lump sums
to provide for an unpredictable period of
incapacity. It is true that the opinion, 303
U.S. at page 530, 58 S.Ct. 651, 82 L.Ed.
993, lays to one side those cases where the
incapacity is caused by the employment.
But we do not read this cautionary state-
ment as implying that in such a case a
prospective award for a term of three years
might be justified—at least, not where the
duration of incapacity is so uncertain as in
the case at bar.

The other grounds advanced by the de-
fendant for reversal are not substantiated,
but because the evidence is insufficient to
sustain either the jury's verdict of $5,500
or the reduced verdict directed by the court,
the judgment is reversed and the cause re-
manded for a new trial on the cure and
maintenance count. The appeal from the
orders of October 30 and November 7 is
dismissed. No appellate costs are awarded
to either party.