**COLONIAL BOOK CO., Inc., v. AMSCO SCHOOL PUBLICATIONS, Inc.**

District Court, S. D. New York.

Sept. 24, 1942.

Morris Kirschstein, of New York City, for plaintiff.

Wittenberg, Carrington & Farnsworth, of New York City (Philip Wittenberg, of New York City, of counsel), for defendant.

NEVIN, District Judge (sitting by designation).

Based on a decision of this Court filed on September 9, 1941, 41 F.Supp. 156, an interlocutory judgment was entered herein on September 22, 1941, and the cause referred to a special master for an accounting.

On September 26, 1941, a perpetual injunction issued and, on September 29, 1941, it was served on defendant herein, enjoining defendant from doing the certain things as in said injunction set forth. No appeal was, or has ever been, taken from the judgment or order of injunction.

On March 24, 1942, defendant filed a note of issue re motion for an order granting a new trial. On April 13, 1942, plaintiff filed a note of issue re motion for an order striking defendant's motion for a new trial. The cause is now before the court on these two motions.

Briefs have been submitted in support of and contra the respective motions and, on May 22, 1942, oral arguments were made by counsel for the respective parties.

I. Plaintiff's Motion for an Order Striking Defendant's Motion for a New Trial.

Plaintiff submits that "It has been definitely settled by the Supreme Court that the time for appeal from the portions of the decree adjudging a copyright valid and infringed is governed by Judicial Code, § 129, U.S.C.A. Title 28, § 227. In other words, such appeal must be taken within thirty days from the entry of the judgment. David Graves George v. Victor Talking Machine Company, 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439"; that "it is clear that the time for appeal as to the question of validity and infringement of the copyright expired on October 22nd, 1941, that is thirty days from date of entry of the judgment. The defendant's motion for a new trial was served on March 18th, 1942, more than ten days after the entry of the judgment and subsequent to the expiration of the time for appeal", and that "defendant's motion for a new trial should be vacated and stricken." (citing) Abruzzino v. National Union Fire Insurance Co., D.C., 35 F.Supp. 925.

Defendant contends that "This motion to strike the motion for a new trial is made only on the ground that the motion was not timely within the provisions of Rule 59. No motion is made to strike within the provisions of Rule 60 and in any event the motion for a new trial will proceed", and "that the motion to strike under Rule 59 should not be granted for the reason that the limitation of time imposed thereby has not yet expired in view of the interlocutory nature of the judgment herein."

Defendant further contends that "since the accounting still remains to be completed herein and since no final judgment as to the liability of the defendant has yet been entered herein the time limitations imposed by Rule 59 have not run. The judgment is interlocutory. There is no proceeding pending in any Court, except this Court. This Court retains jurisdiction over this judgment. It may, on appropriate motion, grant a new trial as here asked." (citing) American United Life Ins. Co. v. Haines City, Fla., 5 Cir., 117 F.2d 574, 575; Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475; General Motors Corp. v. Franklin Die Casting Co., D.C., 41 F.Supp. 340; Bucy v. Nevada Const. Co., 9 Cir., 125 F.2d 213, 216.

Upon a consideration of both motions, and in order to simplify future procedure, the Court—assuming for present purposes that it has jurisdiction—has concluded, solely for the purposes of the record in the instant case, to overrule and deny plaintiff's motion to strike, and this ruling has been noted by the Court on the motion.

II. Defendant's Motion for an Order Granting a New Trial.

Defendant bases its motion for a new trial "on the ground of newly discovered evidence and on the ground that the judgment entered herein was taken against the defendant through surprise, and for reasons beyond the control of the defendant."

Affidavits of counsel and others have been filed by and on behalf of the respective parties.

Defendant asserts its motion is made "pursuant to Rules 59 and 60 (Federal Rules of Civil Procedure following 28 U. S.C.A., section 723c) for an order granting a new trial on the ground of newly discovered evidence and surprise in the entry of the judgment against it."

The Court is of opinion, and so finds, that Rule 60 Federal Rules of Civil Procedure, has no application in or to the instant case, and that defendant's motion, insofar as it is based on Rule 60, is not well taken.

Defendant, in its brief supporting its motion, says: "The motion for a new trial was based upon the fact that subsequent to the entry of the interlocutory judgment herein a case arose in which the plaintiff here sued the Oxford Book Co. Inc. in a Civil Action, No. 7-321 in this Court. [Colonial Book Co. v. Oxford Book Co., D.C., 45 F.Supp. 551.] That action was predicated upon an infringement of the same copyright as that .involved here, and in that action it was held that the plaintiff had no valid copyright in the drawings, the subject of· this action. It was further held that this Court did not have before it relevant facts, which had they been before this Court would have produced the same conclusion as that reached in the Oxford Book case."

Plaintiff, in its brief, makes the following· assertions in reply: "As is pointed out in the affidavit of plaintiff's attorney in opposition to the motion, the issue of whether or not the plaintiff or its authors originated the idea of integrating the equation of chemical reaction with the diagram of apparatus was not involved in the present suit. This issue the defendant deliberately did not litigate. As appears from said affidavit at pages 2, 3 and 4 thereof, with direct reference to the minutes of the trial, the defendant did not question the authorship or origination of the idea, but relied entirely on the proposition that the drawings in plaintiff's copyrighted work which were claimed to have been copied by the defendant were not copyrightable as a matter of law.

"The defendant rested upon plaintiff's case, offered no evidence and made a motion to dismiss at the end of the case. This motion was denied. It is clear that the defendant, having elected to stand upon the aforementioned legal defense, and having lost this case upon one theory, is now seeking to relitigate upon a new theory. Were motions for new trials granted for this purpose, there never would be an end to litigation." (citing) Cuno Engineering Corporation v. Hudson Auto Supply Co., Inc., D.C., 49 F.2d 654; Ingle v. Landis Tool Co. et al., D.C., 277 F. 247, modified 3 Cir., 286 F. 5, 6.

"No appeal having been taken, the plaintiff proceeded before the Special Master with the accounting, and this accounting has now been completed. Many hearings have been had before the Special Master, some 253 pages of testimony taken, and plaintiff has already served its brief before the Special Master."

In Cuno Engineering Corp. v. Hudson Auto Supply Co., supra, 49 F.2d 654, the Court says: "The defendants, having lost their case on one theory, now seek to try it on another.

"This cannot be allowed, if trials are to conclude anything. Hicks v. Ferdinand, C.C., 20 F. 111; Corrugated Paper Patents Co. v. Paper Working Mach. Co., D.C., 237 F. 391; Landis Tool Co. v. Ingle, [3 Cir.], 286 F. 5.

"Neither the case of Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475, nor Kerner Incinerator Co. v. Townsend Estates, D.C., 27 F.2d 599, 602, cited on behalf of defendant, is in point, as in those cases the petition for rehearing was filed without unreasonable delay, while in the case at bar that is not the fact, as there has been a delay of over one year and the accounting has' been proceeding for some time." Appeal dismissed 2 Cir., 49 F.2d 654. The conclusion of the court in ·the Cuno case is applicable here.

As also claimed by plaintiff, no facts are alleged from which the Court can infer any diligence on the part of defendant herein to learn about the evidence it now asserts has been "newly discovered." Such fact must be alleged. Johnson v. United States, 8 Cir., 32 F.2d 127, 130; Prisament v. United States, 5 Cir., 96 F. 2d 865, 866.

It appears from the records of this Court that the instant suit was commenced in December, 1939, and the Oxford suit in February, 1940, both in this Court. The defense of unclean hands was specially pleaded in the answer filed by the Oxford Company, a matter of record in this Court since July, 1940. The accusation that Gentilini had gotten some ideas from the Oxford Company as a result of his employment was made directly in that defense. During a period of seven months (from July, 1940 when the Oxford answer was filed to February, 1941 when this case came to trial) defendant could have ascertained the alleged facts now called "newly discovered evidence."

There has been filed also, an affidavit of Theodore Cohen, President of Plaintiff Company, in which he says: "I can state positively that the defendant herein knew that the suit aforementioned had been brought against the Oxford Book Com-

pany, Inc. I base this statement upon the following facts:" (reciting them).

Mr. Cohen further asserts (in his affidavit) that in a discussion with Messrs. Lipkin and Beller (officers of Defendant Company) they stated: "that they, that is to say Amsco School Publications, Inc., were considering joining hands with the Oxford Book Company, Inc. against the Colonial Book Company, Inc. in the defense of both suits."

Counter-affidavits of Messrs. Lipkin and Beller have also been filed. In these the respective affiants assert that certain statements appearing in the Cohen affidavit are "untrue" and each affiant respectively states that he never discussed "with him (Cohen) at any time the Oxford Book Company suit".

It is to be noted in connection with the affidavits of Messrs. Lipkin and Beller that, as plaintiff points out, they do not deny knowledge by the defendant of the pendency of the Colonial-Oxford suit nor do the affiants deny the specific statements made in the (Cohen) affidavit.

As to such matters, defendant has the burden upon its motion and this burden, in the opinion of the court, it has not sustained.

Plaintiff submits, and it so appears, that defendant was not interested in investigating the question of who originated the idea, because it relied entirely upon the position that, as a matter of law, the plaintiff could not succeed.

Plaintiff further asserts (Br. pp. 12, 13) that: "This defendant was not excusably ignorant of the facts now relied on in support of the motion. It had full notice of the claim that the Oxford Company had originated the idea, a matter of record through the answer in the Oxford case and filed seven months prior to the trial herein. The evidence might easily have been found at the time of controversy. Dumont v. Des Moines Valley R. Co., 131 U.S. Append. c 1 x, 25 L.Ed. 520. As was said by the Second Circuit Court of Appeals, in Campbell v. American Foreign S. S. Corporation, 116 F.2d 926, 928: "The facts alleged in support of the motion do not constitute 'newly discovered evidence' within the rule. That phrase refers to evidence of facts in existence at the time of the trial, of which the aggrieved party was excusably ignorant." The Court is in accord with these views.

Other questions are presented in the briefs and were orally argued. The Court has considered them all but deems it unnecessary to discuss them here.

Upon a consideration of the motion of defendant; the briefs and arguments of counsel; the whole of the record and the applicable law, the Court is of opinion, and so finds, that defendant's motion for a new trial is not well taken and that it should be, and · it is, denied, and it has been so noted by the Court on the motion.