## COLONIAL BOOK CO., Inc., v. AMSCO SCHOOL PUBLICATIONS, Inc.

### No. 306.

Circuit Court of Appeals, Second Circuit.

May 3, 1944.

Philip Wittenberg, of New York City (Wittenberg, Carrington & Farnsworth, of New York City, on the brief), for appellant.

Morris Kirschstein, of New York City, for appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

Defendant's main attack upon the final judgment of injunction and damages rendered against it in this action for copyright infringement is that after the interlocutory judgment herein finding liability, D.C.S.D.N.Y., 41 F.Supp. 156, the court in another action against a different defendant found the plagiarized material—eleven diagrams showing the laboratory preparation of certain chemicals, contained in a book entitled, "Mastery Units in Chemistry"—to be unoriginal and anticipated in prior works. Colonial Book Co. v. Oxford Book Co., D.C.S.D.N.Y., 45 F. Supp. 551, affirmed 2 Cir., 135 F.2d 463, on the opinion below. The defendant sought to bring this fact into the record below, together with the exhibits used as demonstration in the later case, by a motion for new trial for newly discovered evidence; but the court in a careful opinion, D.C.S.D.N.Y., 48 F.Supp. 794, denied the motion, saying that, since defendant had rested and lost its case upon one legal theory, it should not be permitted a retrial upon another theory, citing Cuno Engineering Corp. v. Hudson Auto Supply Co., D.C.E.D.N.Y., 49 F.2d 654, and cases there cited. Although defendant appealed also from the order denying a new trial, it has not pressed that appeal, presumably having in mind the limitations of our authority as to such motions. Cf. Gillette Safety Razor Co. v. Triangle Mechanical Laboratories Corp., 2 Cir., 87 F.2d 699, 702. It has, however, employed these procedural steps as a vehicle for bringing to our attention the material found important in the other lawsuit and its claims regarding that decision.

Had the Oxford case been decided before the original decision herein, and its record fully available to the court below, it is by no means clear, indeed, it is quite doubtful, that a different result would have followed. For that case rested largely upon the uncleanness of the plaintiff's hands in employing as a writer a former employee of the defendant there, familiar with the defendant's plans; and the court considered and distinguished the interlocutory decision herein. In any event, therefore, the two cases were substantially distinct. But we agree with the District Court that the defendant, having offered its case as it then thought desirable, cannot now in effect retry it in the appellate court on a different basis. As the case appeared below, the plaintiff had produced testimony of originality and high utility in the form and arrangement of the diagrams, and, even more important, of such close similarity, even to inaccuracies, between the diagrams as used by the plaintiff and by the defendant as to make the inference drawn by the court of direct copying at least reasonable, if not irresistible. To this, defendant has never presented any real challenge, being content to rest without offer of any testimony.

Judgment affirmed.